NEW JERSEY CASH CREDIT CORPORATION, A CORPORA-
TION, PROSECUTOR, v. MICHAEL JAMES LINEHAN,
ARTHUR EDERSTRONE AND JOHN A. RABY, DEFEND-
ANTS.

Argued May term, 1928—Decided July 10, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *Russell Fleming*.

For the defendants, *John J. Breslin, Jr.*

PER CURIAM.

The question presented is whether a judge of the District
Court has authority and power to open a judgment entered
by default against the makers of a promissory note, and grant
a new trial, where the application is not made within thirty
days after entry of judgment and is not based upon newly-
discovered evidence.

Summons was issued September 21st, 1927, and on the
return day, September 30th, the defendants not appearing,
the case was marked "no appearance." On October 18th
an affidavit of proof was filed and judgment entered for
$111.92. On December 12th an order was granted for a
salary execution.

On January 12th, 1928, an affidavit was presented to
vacate the judgment, and to grant a new trial, on the ground
that a clerk in the office of the defendants' counsel was neg-
ligent in attending to the case, and that counsel believes that

the defendants have a valid and just defense to the case on the merits.

On February 3d, 1928, affidavits were filed by two defendants claiming that their signatures to the note were forgeries.

On the same day the court vacated the judgment and granted an order for a new trial. It is now insisted that the order was illegal in that under section 17 of the District Court act (*Comp. Stat., p.* 1959) the court, in granting a new trial, is limited to thirty days after the entry of the judgment. In this instance the order granting a new trial was not entered until more than ninety days after the entry of judgment. Section 17 of the District Court act, to which reference has been made, is as follows:

"In every case tried in any of said courts the judge may, if he sees fit, order a new trial to be had upon such terms as he shall think reasonable, and in the meantime stay proceedings, provided that application for such new trial, except where the said application is based upon newly-discovered evidence, shall be made within thirty days after judgment."

This act has been construed by this court in at least two cases, *Levine* v. *Schwartz,* 86 *N. J. L.* 476, and *Flaherty* v. *Pack,* 73 *Id.* 103.

Under the circumstances as above outlined, the court was without authority to make an order vacating the judgment and granting a new trial, and such order will therefore be vacated and set aside.