HENRY STEINHAUSER, TRADING AS SERVICE MOTOR COMPANY, PROSECUTOR, v. SAUL FRIEDMAN AND JUDGE OF THE DISTRICT COURT OF THE CITY OF CLIFTON, RESPONDENTS.

Submitted October term, 1933—Decided February 6. 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the prosecutor, *William V. Rosenkrans.*

For the respondents, *Samuel Heller.*

PER CURIAM.

The writ of *certiorari* is to test the validity of the vacation of a judgment in favor of the defendant in the District Court, and the entry of a judgment in favor of the plaintiff in substitution after a lapse of more than thirty days following the entering of the final judgment.

The plaintiff sued to recover damages for personal injuries sustained through the sudden starting and stopping of the defendant's car. The record shows that the case was called for trial and the plaintiff only appeared. The court proceeded to hear the case in the defendant's absence, reserved decision on December 13th, 1932, and on January 4th, 1933, rendered a judgment of "no cause for action." On the 1st of March following, plaintiff's attorney gave notice that on March 7th he would move for a judgment in favor of the plaintiff, and on March 16th following, the judge vacated the judgment of "no cause for action" and entered judgment in favor of the plaintiff for $75.

Under the seventeenth section of the District Court act the judge is empowered to order a new trial provided the application is made within thirty days after judgment, except in cases of newly discovered evidence. The record is devoid of anything to show that the application is based on newly discovered evidence, and hence the court was without authority to vacate its judgment of two months before.

This, however, does not finally dispose of the case. Chapter 156, laws of 1932, page 277, enacts that "it shall be the

duty of the clerks of the several District Courts, whenever any judge of any District Court shall have reserved decision in any cause tried before such judge, * * * to notify the attorneys of the respective parties, or if there be no attorneys, the parties themselves, of the court's determination, when same shall have been made, forthwith by registered mail; the signed returned receipt therefor shall be accepted as proof of such notification, and shall be filed by the clerk with the papers in said cause and the fact and date of its receipt shall be recorded by the clerk in the docket containing the entries of the said cause.

2. In the event of the failure of the clerk to comply with the requirements of section one, then the judge of said court, on application being made to him by any person aggrieved by such failure, shall direct the clerk of said court to enter said judgment or determination as of such date as shall be fixed by said judge, which said date shall be a date subsequent to such application and shall be the date of final judgment or determination to all intents and purposes as though the judge had not reserved decision in said cause."

This act was approved May 2d, 1932, and went into effect on July 4th, of the same year. The summons in the present case was issued July 11th, 1932, and of course was subject to the provisions of the act. The record of the cause fails to disclose that the first section was complied with by the clerk. In the situation here presented no valid judgment has been entered in the cause either the one of January 4th, 1933, or the judgment of March 16th, 1933. It is, therefore, open to a party aggrieved to apply to the court for the entry of a judgment as of such date subsequent to such application as he shall determine.

The judgment is reversed and the cause is remitted to the court below to be proceeded in according to law.