SOL FRIEDMAN, PLAINTIFF-RESPONDENT, v. HENRY STEINHAUSER, TRADING AS SERVICE MOTOR COMPANY, DEFENDANT-APPELLANT.

Argued May 7, 1935—Decided August 7, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellant, *William V. Rosenkrans.*

For the respondent, *Samuel Heller.*

PER CURIAM.

This appeal brings up for review a judgment of the District Court rendered by the judge, sitting without a jury, in favor of the plaintiff, in an action to recover damages for an injury sustained by the plaintiff whilst an invitee on the premises of the defendant where was conducted an automobile repair shop.

The trial now under review was the second trial of the case, a prior judgment in favor of the plaintiff having been set aside and the cause remitted for a new trial. 12 *N. J. Mis. R.* 167; 170 *Atl. Rep.* 630.

The defendant's first point is that the court erred in refusing a jury trial. But we think this point is determined adversely to defendant's contention in *Lerner* v. *McDermott,* 11 *N. J. Mis. R.* 99; 164 *Atl. Rep.* 864.

The defendant's second point seems to be in effect that the court erred in taking into consideration, upon the trial and decision, his notes, or recollection of his notes, or his recollection of the testimony in the former trial.

We think there is substance in this contention. During

the cross-examination of a witness for the defendant he was asked as to his alleged testimony at the former trial. He answered that he did not remember it. Thereupon the court said: "The court has notes of his previous testimony," and the defendant objected to the use of such notes without more. Then the defendant, and without more, made a motion for a directed verdict and plaintiff said in reply: "When your honor said he had notes of the first trial, well, I did not think it necessary to proceed any further." The court replied: "I cannot erase it from my mind," to which defendant objected. Then followed the denial of defendant's motion for a direction, and judgment for the plaintiff, to which defendant excepted.

Now, when we remember that this was a trial *de novo,* the impropriety of what appears to be the action of the judge, sitting as a jury, in treating as evidence his impression of the testimony in the same cause in a former trial becomes manifest. To allow a verdict or judgment reached in that manner to stand would establish a dangerous precedent, not only because it would be to ignore fundamental principles of judicial procedure, but also because it would leave the injured party remediless against unintentional or other errors or mistakes of the trial judge, for the apellate court could only conjecture what was in the judge's mind.

We are therefore constrained to think that the judgment must be reversed.

Since there must be a new trial it may not be amiss to state that our impression is that it was not erroneous to permit the plaintiff to testify that he was invited to get on the running board of the car by the defendant's foreman.

A further discussion of points made by the defendant seems inappropriate in view of the conclusion we have reached.

The judgment will be reversed, and the cause remitted for a new trial, costs to await the event.