13 N.J. Super. 27 (1951)
80 A.2d 222
GEORGE A. WILFORD, PLAINTIFF-APPELLANT,
v.
SIGMUND EISNER COMPANY, DEFENDANT-RESPONDENT. GEORGE A. WILFORD, PLAINTIFF-APPELLANT,
v.
H. RAYMOND EISNER, ET AL., TRADING AS 54 BROAD COMPANY, A PARTNERSHIP, DEFENDANTS-RESPONDENTS. (Consolidated Actions.) GEORGE ALFRED WILFORD, PETITIONER-APPELLANT,
v.
SIGMUND EISNER COMPANY, RESPONDENT-RESPONDENT. GEORGE ALFRED WILFORD, PETITIONER-APPELLANT,
v.
H. RAYMOND EISNER, J. LESTER EISNER AND MONROE EISNER, TRADING AS 54 BROAD COMPANY, ET AL., RESPONDENTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 19, 1951.
Decided April 4, 1951.
*30 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Ralph Heuser argued both causes for appellant (Messrs. Heuser & Heuser, attorneys).
Mr. R. Robinson Chance argued the law cause for respondent, Sigmund Eisner Company (Messrs. Kellogg & Chance, attorneys).
Mr. Theodore J. Labrecque argued the law cause for respondents, H. Raymond Eisner et al., etc. (Messrs. Parsons, Labrecque, Canzona & Combs, attorneys).
Mr. John W. O'Brien argued the compensation cause for respondent, Sigmund Eisner Company (Messrs. O'Brien, Brett & O'Brien, attorneys).
Mr. James J. Skeffington argued the compensation cause for respondents, H. Raymond Eisner et al., etc.
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
The appellant, George A. Wilford, incurred a lung abscess which he attributed to exposure to coal gas and dust in his employment as a fireman tending furnaces in an office building at 54 Broad Street, Red Bank. That employment was in the period from January 7, 1948 to April 7, 1948, and was given him when he was laid off as a packer by the defendant corporation, Sigmund Eisner Company. The office building is owned by 54 Broad Company, a partnership comprised of the Eisner brothers. Appellant was uncertain which company was his employer and also whether his claim was under the Compensation Act *31 or actionable at common law and instituted both compensation proceedings and law actions against each of the companies.
The law actions were tried first, as consolidated cases, and were dismissed on motions made under Rule 3:41-2 at the close of plaintiff's proofs, the trial judge stating, "that it is a suit that should be in the Compensation Court and not here, that this court has not jurisdiction." Appellant did not appeal from the ensuing judgments, but moved the compensation cases for hearing.
The compensation cases were tried together and were also dismissed upon findings of a deputy director, concurred in by the Monmouth County Court, that the appellant had no claim against Sigmund Eisner Company because that company was not his employer at the time, and that he had no claim against 54 Broad Company, which was his employer, because the lung ailment was not connected with appellant's employment, or "at most" "* * * petitioner's condition is one which is due to an industrial disease not covered by the compensation act." The deputy director's determination in the Sigmund Eisner Company case was entered in October, 1949, and that in the 54 Broad Company case in January, 1950.
The county court judgments on the appeals in the compensation cases were entered in June, 1950, over one year after the entry in the law actions in May, 1949, of the judgments of involuntary dismissal. Appellant in June, 1950, applied to the Law Division by motion under Rule 3:60-2 for relief against the law judgments, stating as his ground for relief that defendants induced those judgments when arguing their motions for involuntary dismissal by admitting "that the plaintiff met with a compensable accident, and that his relief should be obtained before the Compensation Bureau" and that "when plaintiff applied for his relief before the Compensation Bureau, the defendants * * * argued that the Judge of the Superior Court should not have made an order dismissing the complaints;" with the result that "defendants, *32 by their motions to dismiss the complaints in the Superior Court lead the plaintiff into a position of resting upon the legal presumption that the defendants were bound by their assertions on the motions and their admissions that the injury suffered by plaintiff was the result of a compensable accident, and by later taking a diametrically opposite position in the Compensation Bureau, deprived the plaintiff of the benefits of the legal admissions or a trial by jury." The motion was denied.
Appellant appeals from both the order of the Law Division denying his motion for relief, and from the judgments of the Monmouth County Court entered in the compensation proceedings. The appeals were consolidated for argument and disposition. At the oral argument on the appeals appellant's counsel informed us that the compensation appeals are pressed only if the law appeals fail, and that, in that case, the only point urged is that the defendants' counsel in urging in the law actions that plaintiff's proofs showed a case for relief under the Compensation Act estopped defendants to assert in the compensation proceedings that appellant had not suffered a compensable accident.
Since the record includes no reasons supporting the denial of the motion in the Law Division, we do not know whether it was grounded upon a supposed lack of power to entertain the motion after one year from the entry of the judgments or upon other reasons. Motions for relief by reason of "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; (3) fraud * * *, misrepresentation or other misconduct of an adverse party" must be made within a reasonable time and not more than one year after entry of the judgment sought to be set aside. On the other hand, such a motion for "(6) any other reason justifying relief from the operation of the judgment" is not subject to the one-year limitation, but whether it is made within a reasonable time if brought after the lapse of a year is to be determined in the special circumstances of the particular case.
*33 Relief for any reason allowed by the rule rests in the sound discretion of the trial court, controlled by accepted legal principles, whenever such action is appropriate to accomplish justice. Hogan v. Hodge, 6 N.J. Super. 55 (App. Div. 1949). Equitable principles may be a guide in administering relief to determine in the particular circumstances whether justice and equity require that relief be allowed. LaBell v. Quasdorf, 116 N.J.L. 368 (Sup. Ct. 1936); Klapprott v. United States, 335 U.S. 601, 93 L.Ed. 279 (1949). The rule grants a broad power to trial courts to set aside judgments in proper cases, but the power is not a new one; the courts of this State have always had power to control, vacate or correct their own decrees in the interests of justice. Assets Development Co. v. Wall, 97 N.J.L. 468 (E. & A. 1922).
The power should doubtless be freely exercised when the enforcement of a judgment would be unjust, oppressive or inequitable as to the party moving to vacate it. Unless impropriety in its exercise clearly appears in the particular case, this court will not disturb the trial court's action. That, too, is the practice of appellate courts in the federal system in cases arising under amended Federal Rule 60(b), which was brought into our rules, as Rule 3:60-2. Barron & Holtzoff, Federal Practice Procedure (1950), vol. 3, p. 253, and cases cited.
The one-year time limitation imposed upon a motion for reasons falling within subdivisions (1), (2) and (3) of the rule is an expression of the policy of finally concluding litigation within a reasonable time. Klapprott v. United States, supra. If, however, a strong case of extreme hardship or injustice is shown, relief for such reasons has been allowed after one year within the more liberal dispensation of subdivision (6), the catch-all "other reason" category. Klapprott v. United States, supra.
Appellant in this case had six months after the entry of the adverse determination of the deputy director in the 54 Broad Company case within which to make his motion in *34 the law actions before the year expired. He elected instead to prosecute appeals to the county court from the deputy director's judgments and only after failing there and after the year had run out did he attempt to vacate the law judgments. Our decision, however, need not depend on plaintiff's lack of diligence in seeking relief; in any event we are unable to find in the record a state of facts which establishes a right to relief for the reasons assigned by him even if the application had been made within the year, let alone any evidence of extraordinary hardship to justify relief after that time.
The motion in effect charged that defendants, and more particularly defendants' counsel in the law actions, were guilty, in light of the position denying the occurrence of a compensable accident taken on behalf of the defendants in the subsequent compensation hearings, if not of fraud, at least of misconduct, in arguing, in support of the motions for involuntary dismissal, that plaintiff's proofs, if believed, revealed a compensation claim. We are satisfied from our review of the record that the imputation is without foundation. Counsel for defendants simply performed their clear duty to their clients by including among several grounds upon which the motions were supported the ground "that this, if anything, was an accident under the compensation law"; this argument was grounded on plaintiff's proofs that on April 7, 1948, he collapsed at work after exposure to gases while cleaning the furnace and defendants' counsel contended that the proofs of that occurrence, if believed, showed "a case of plain, simple accident brought about by exposure of this man, perhaps to gases, perhaps to his exertion * * * and that strain and that exercise and that effort he was using is the thing that caused his lung to become or go bad, with the result that he had an accident right then and there, a compensable accident, if what he said as to the manner of the accident, and we have to take his word on a motion of this kind, is true." (Emphasis supplied). Appellant's argument twists these unambiguous statements into "admissions" on behalf of the defendants that appellant *35 "met with a compensable accident." It is obvious not only that there is no admission in the statements of the occurrence of an accident in the manner described by appellant, but that defendants plainly implied no accident had occurred in any other manner. That is the real significance of counsel's qualifications, "if anything," "if true." It was appellant's own testimony that emphasized the events of April 7, 1948, as those which brought on his lung ailment, and if so, his claim was one within the compensation law. Defendants' position was more fully disclosed in the compensation proceedings and was that the alleged events of that day never in fact occurred. The deputy director after extensive hearings found, and the Monmouth County Court agreed, that the alleged occurrence was "a figment of the imagination." It is clear that counsel at the law trial were careful not to admit appellant's version of the events of that day, and the charge that they did admit the inculpatory essentials of a compensation claim is devoid of substance.
The foregoing considerations also dispose of the only point urged in the compensation appeals, namely, that defendants were estopped to deny the application of the compensation law because of their alleged "admissions" in the law actions that appellant had suffered a compensable accident on April 7, 1948. It is, of course, settled that a party cannot be heard to contend for two diametrically opposed sets of facts, although he may argue inconsistent principles of law applicable to a given set of facts. In re Perrone, 5 N.J. 514 (1950). The principle that one may not be permitted to assert contradictory factual contentions has been applied to estop an employer from defending a law action on the ground the plaintiff was his employee after the employer had successfully resisted a compensation claim on the ground that plaintiff was not his employee. Welser v. Ealer, 317 Pa. 182, 176 A. 429 (Sup. Ct. 1935). Where, however, an employer defeated a compensation claim on the ground that an injury allegedly resulting from the inhalation of dangerous gases was not of an accidental nature, he was not estopped in a subsequent law action from *36 urging dismissal of the law claim on the ground that the law court lacked jurisdiction because the action, as pleaded, was bottomed upon an accidental injury, Twork v. Munising Paper Co., 275 Mich. 174, 266 N.W. 311 (Sup. Ct. Mich. 1936). This case presents the same situation that was dealt with in the Twork case except that the cases were tried in reverse order; here the trial of the law actions preceded the hearings on the compensation petitions. Defendants did not admit in either tribunal that appellant's lung ailment was related to his employment and in the law actions merely asserted that if his proofs were taken as true, he was in the wrong forum. If appellant viewed the dismissal of the law actions as an erroneous application by the Law Division of the law to his proofs, he had a remedy by appeal to seek to reverse the judgments. He cannot on this record successfully contend that he did not pursue that remedy because he was misled by an admission of the defendants that they agreed that he had suffered an accident remediable under the compensation law.
Finally, appellant apparently assumes that he was entitled to recover either under the Compensation Act or at common law. Our careful examination of the transcripts in both tribunals leads us to conclude that it is more than doubtful that he had a meritorious claim of any kind against defendants or either of them, and that the deputy director soundly reasoned the lung abscess was not causally connected with appellant's employment but was the end result in natural progression of an old lung condition which preceded the employment.
The order of the Law Division on appeal in A-817-49 is affirmed, without costs.
The judgments of the Monmouth county court on appeal in A-755-49 and A-756-49 are affirmed, without costs.