14 N.J. Super. 54 (1951)
81 A.2d 380
ANNA NAGLIERI, PLAINTIFF-APPELLANT,
v.
ELVIRA TRABATTONI, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 14, 1951.
Decided May 24, 1951.
*55 Before Judges FREUND, DONGES and PROCTOR.
Mr. H. David Zerman argued the cause for the appellant (Mr. John Donadio, attorney).
Mr. Joseph L. Freiman, attorney for and of counsel with the respondent, argued the cause.
*56 PER CURIAM.
Plaintiff appeals from an order of the Superior Court, Law Division, vacating a default judgment against the defendant and permitting her to file an answer.
On November 22, 1947, the summons and complaint in plaintiff's action were duly served on the defendant. On January 8, 1948, no answer having been filed, a judgment was entered against the defendant. On September 22, 1950, defendant moved for an order setting aside the judgment and permitting her to file an answer "on the ground that the defendant did not have her day in court." The only part of her affidavit which tended to support the motion states:
"When I received the summons and complaint in this matter, I was in this country about six months. I did not know what to do and I then went to my Uncle, Frank Cinquino, who was a brother of Anna Naglieri, the plaintiff in this suit. He took the papers from me and told me not to worry about this, that he would take care of it. I asked him about the papers about a week later, and he told me that he had spoken to Mr. Donadio (attorney for plaintiff) and that Mr. Donadio would let him know. I did not hear anything further about this matter until after a judgment had been entered against me.
I then went to a lawyer and did not explain all these things to him because I did not understand the importance of these facts. When I told him that a judgment had been entered against me, he told me there was nothing I could do."
In support of her appeal, plaintiff included in the appendix certain affidavits, notices of motions and orders in other proceedings in the case which defendant moved to expunge from the record. We have not found it necessary to consider these documents in our determination of this appeal.
Plaintiff contends that the trial court was without jurisdiction to vacate the judgment. Rule 4:2-2(a) (3) provides that an appeal may be taken from an interlocutory order, "Determining that the court has jurisdiction over the subject matter or the person." If the court lacked the power to vacate the judgment, the order falls within the class of interlocutory orders that are appealable. Cf. Steinhauser v. Friedman, 12 N.J. Misc. 167 (Sup. Ct. 1934); New Jersey Cash Credit Corp. v. Linehan, 6 N.J. Misc. 740 (Sup. Ct. *57 1928). See also Petersen v. Falzarano, 6 N.J. 447, 453 (1951).
Rule 3:60-2 authorizes the court to relieve a party from a final judgment for any one of five specified reasons, or, for "any other reason justifying relief from the operation of the judgment or order." Of the specified reasons the only applicable one is "mistake, inadvertence, surprise, or excusable neglect." To take advantage of this reason, the rule requires a litigant to move for relief "not more than one year after the judgment, order or proceeding was entered or taken," and under Rule 3:6-1 this period cannot be enlarged. Since, in the present case, the facts set forth in defendant's affidavit amount at most to a showing of excusable neglect, and the motion was not made within one year after the rendition of the judgment, the court was without power to grant relief.
Rule 3:60-2 permits the court without any time limitation to relieve a party from a judgment for "any other reason justifying relief from the operation of the judgment or order." In the present case, however, no "other" reason than that set forth in defendant's affidavit is presented to justify relief; there are no facts alleged that show a commission of fraud upon the court. Furthermore, there was no showing of "a strong case of extreme hardship or injustice" depriving the defendant of an opportunity to defend the case. See Wilford v. Sigmund Eisner Co., 13 N.J. Super. 27, 33 (App. Div. 1951); Klapprott v. United States, 335 U.S. 601, 93 L.Ed. 266, 279 (1949).
The limitations imposed by Rule 3:60-2 are expressions of the policy of terminating litigation within a reasonable time, which is essential to the proper administration of justice.
The order vacating the judgment is set aside.