**BLACKER v. ROD et al.**

**No. 1133.**

Municipal Court of Appeals
District of Columbia.

Argued Nov. 26, 1951.

Decided Jan. 17, 1952.

George S. Jordan, Washington, D. C., for appellant.

James M. Earnest, Washington, D. C. (J. Strouse Campbell, Washington, D. C., was on the brief), for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

We are asked to review an order vacating a default judgment. The action grows out of the sale of a house to the plaintiff. The contract contains the name of defendant Harry Rod throughout as broker and as agent and is signed "Biron & Rod, Inc., by Harry Rod, Treas." Defendant was the person with whom the plaintiff dealt. According to the complaint, defendant made certain promises to repair and remodel the house in question. Alleging that he failed

to do so, plaintiff instituted suit in May 1950.

Defendant was served with process on August 14, 1950. He left the suit papers at the office of plaintiff's attorney. Plaintiff's attorney phoned defendant and asked his purpose in leaving these papers, to which defendant replied that he was not the proper party defendant but that the corporation of Biron & Rod was the correct party. Defendant maintains that plaintiff's attorney assured him that nothing would be done pending an attempt by the parties to achieve settlement, defendant making an offer to do certain repairs. In January 1951 plaintiff's attorney wrote defendant advising him that unless the matter was settled within ten days he would "proceed to take judgment in the case that is pending against you in the Municipal Court for the District of Columbia." Receiving no reply, plaintiff proceeded to take judgment. On ex parte proof judgment was entered in March 1951. Defendant states that he spoke with plaintiff after receipt of letter and was assured that nothing would be done if the matter could be adjusted. Approximately four months after the default judgment, plaintiff caused a writ of attachment to be issued against defendant's bank account. Notice by the bank of the attachment was the first notice of the judgment received by defendant. Shortly thereafter defendant sought the advice of counsel for the first time in these proceedings and filed a motion in July 1951 to vacate the judgment under Municipal Court rule 53(b) [now 60(b)] on the ground that the judgment was improvidently entered and worked a manifest injustice. The trial court granted the motion, vacated the judgment, and quashed the writ of attachment, on the condition that the corporation of Biron & Rod be added as a party defendant. Plaintiff prosecutes this appeal from such order.

■ Defendant maintains that this is not a final order from which an appeal may be taken. We have decided that an order vacating a default judgment is an appealable order. Campbell v. Campbell, D.C. Mun.App., 58 A.2d 825; Marvin's Credit,

Inc., v. Kitching, D.C.Mun.App., 34 A.2d 866.

Under rule 53(b) the defendant could have sought to have the default judgment set aside on the grounds of mistake, inadvertence, surprise, or excusable neglect. While the facts of this case do not show such a mistake as contemplated by the rule, it is plausible that inadvertence, surprise, or excusable neglect might be argued as grounds for having the judgment set aside. However, as the appellee expressly admits, he is precluded from invoking this section by virtue of the provision in the rule that on such grounds a motion must be filed "not more than three months after the judgment, order, or proceeding was entered or taken." The second clause permits relief for newly discovered evidence. There are, however, no facts in this case as would permit the motion to fall within this category. The third clause provides relief for fraud, misrepresentation, or other misconduct of an adverse party. While the appellee alleges fraud, he is again precluded by the three months' limitation. The appellee specifically bottoms his argument upon the fourth and sixth clauses, i.e., (4) the judgment is void; (6) any other reason justifying relief from the operation of the judgment. (The fifth clause is not applicable as it pertains to judgments that have been satisfied, released, or discharged in some way. There is no suggestion here that this was done.) Clauses (4) and (6) are taken out of the three months' time limitation and motions thereunder may be filed "within a reasonable time".

■ Considering first the question of whether the judgment is void, we do not find any substantiating argument of appellee to support such allegation nor do we find any evidence of fraud in the record before us.

The appellee would, therefore, have us consider his petition under the catch-all clause (6), "any other reason justifying relief from the operation of the judgment." [1] The cases interpreting the catch-all clause in F.R.C.P. 60(b), 28 U.S.C.A., after which the Municipal Court rule was modeled, be-

1. For a discussion of this rule see 25 Temple Law Quarterly 77, 84, 85.

gin with Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, modified 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099, in which it was held that under extraordinary circumstances a judgment may be vacated where it would not be fair to let it stand.[2]

In the very recent case of Ackerman v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207, the court applied the same reasoning as the Klapprott case to somewhat similar circumstances, but arrived at the conclusion that the circumstances were not so extraordinary as to justify vacating the judgment.

In interpreting a state rule similar to the one before us, the New Jersey court reversed an order vacating judgment where the circumstances were far more severe than in the present case. Naglieri v. Trabattoni, 14 N.J.Super. 54, 81 A.2d 380.[3] In that case the court said that there was no showing of a case of extreme hardship or injustice depriving the defendant of an opportunity to defend the case.

 In discussing this appeal, it is necessary to consider the factual situation created by these parties. Once the plaintiff had commenced an action by the use of the court's legal process, the defendant may not thereafter ignore such process. Harry Rod was served with summons and was thereby put on notice that there was a legal action pending against him. But he failed to answer. He is a business man trading in one of the most competitive markets in this city. By a free, calculated, and deliberate choice on his part he failed to answer. It was his own choice to handle the situation personally and out of court rather than to retain the services of legal counsel. He can not now be heard to say that the plaintiff caused him to make an unwise choice. If the corporation should have been properly named as the party defendant, then it was incumbent upon defendant to have this fact brought to the court's attention by proper pleadings. While it does not appear from the record before us, it may be that plaintiff intended to sue defendant individually on defendant's personal promise to repair, in which case the corporation would not be the proper party defendant.

 The limitation imposed by rule 53(b) is an expression of the policy of terminating litigation which is essential to the proper administration of justice. To permit the defendant to have the judgment vacated when by his own fault he has placed himself in this situation would be to open the flood gates to all those who would first let a case go by default, and then, when faced by an attachment, seek to have the judgment vacated under this catch-all clause. It was not the intention of the rule makers to permit this catch-all clause to destroy the fundamental idea of ending litigation and assuring the litigants of their position once a judgment has been entered.

Reversed with instructions to set aside the order of August 6, 1951, vacating the judgment below.

---

2. It is interesting to note that while the Supreme Court reversed the ruling of the lower court on its failure to hear the petition to vacate, upon a rehearing by the trial court, Klapprott's petition was denied for failure to sustain the allegations in his petition. D.C., 9 F.R.D. 282, affirmed 2 Cir., 183 F.2d 474, certiorari denied 340 U.S. 896, 71 S.Ct. 238, 95 L.Ed. 649.

3. Cf. Wilford v. Sigmund Eisner Co., 13 N.J.Super. 27, 80 A.2d 222.