**GEE HOW OAK TIN ASSOCIATION OF THE DISTRICT OF COLUMBIA, Inc., Appellant,**

v.

**POTOMAC CHEMICALS CORPORATION, Appellee.**

No. 1569.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 22, 1954.

Decided Dec. 16, 1954.

Rehearing Denied Dec. 30, 1954.

Claire O. Ducker, Sr., Washington, D. C., for appellant.

Richard H. Speidel, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

The question before us is whether a judgment against appellant should have been set aside by the lower court. The facts are these:

Appellee by verified complaint sued appellant for merchandise sold and delivered. An answer was filed denying the claim. The case was set for trial on June 25, 1954. On that date counsel for appellant orally moved for a continuance on the ground that a defense witness was absent. The continuance was opposed by counsel for appellee on the ground that Municipal Court rule 40(i) (2) [1] had not been complied with. The trial court denied the request, but extended the time for filing the required affidavit until June 29. The judge informed appellant's counsel that the matter would be disposed of on that date, or that another date would then be set for the trial. No affidavit having been filed by the morning of the 29th and counsel for appellant having failed to appear, the court on motion held appellant in default and entered judgment in favor of appellee. Minutes before the Clerk's Office closed on that day, appellant's counsel filed an affidavit reciting that he had been informed on the afternoon of June 24 that the secretary of appellant corporation was suddenly called to New York, and that the secretary was an essential witness.

On July 9 a letter was received by appellant's counsel from his adversary advising him of the judgment and informing him that execution would be levied. Ten days later, not having heard from appellant, appellee deposited $300 as costs with the U. S. Marshal and started execution on the judgment. On July 27 a motion was filed by appellant to vacate the judgment, and both attorneys were notified that the motion would be heard on August 9. No appearance was made on behalf of appellant on that date. The motion was again placed on the calendar for hearing at 9:30 a. m. on August 13. Appellant's counsel did not appear at that time and the motion to vacate the judgment was denied. Appellant's counsel appeared before the judge at 10:20 a. m. that day and stated that although the notice of the hearing was mailed on August 11 and possibly received in his office on the 12th, he did not return to his office on that date and did not receive the notice until the 13th. Appellant's counsel requested that the motion be set for another date. The request was denied, and this appeal followed.

■ The errors assigned by appellant resolve themselves into one issue: namely, did the trial court abuse its discretion in not reopening the judgment? It is settled that the decisions with regard to postponements or continuances are largely within the discretion of the trial court, and unless that discretion is shown to have been abused, there is no ground for reversal.[2] When the appellant in requesting a continuance failed to comply with Rule 40(i) (2) of the trial court, the judge was more than lenient in granting its counsel until June 29 to file the required affidavit. The affidavit when filed was insufficient, as it did not set forth the matters to which the absent witness would testify. Also, appellant's counsel did not appear in court on the 29th although he had been instructed to do so. While the trial court rendered a default judgment in appellee's favor, it was in fact a judgment on the merits based on a verified complaint.[3] Appellant had not defaulted in pleading, inasmuch as it had

---

1. "(2) *Absent Witness; If Ground of Motion.* When the motion to postpone a trial is grounded upon absence of a witness, such motion must be accompanied by an affidavit which shall set forth the material matter to which it is expected the witness will testify. If the adverse party admits that the witness would so testify, the court may deny the motion, making a note of the admission for use at the trial.

"All such applications for postponement must be made before the case reaches the trial judge. This rule cannot be waived by consent of counsel.

"Applications for passing or continuance of a case assigned to a trial judge shall be refused by such trial judge or referred to the judge presiding in Civil No. 1 for disposition."

2. Fidelity & Deposit Co. v. L. Bucki & Son Lumber Co., 189 U.S. 135, 23 S.Ct. 582, 47 L.Ed. 744; Harrah v. Morgenthau, 67 App.D.C. 119, 89 F.2d 863.

3. Municipal Court Rule 39.

filed an answer. Therefore entry of default was not in order.[4] But even though it was incorrectly denominated a default, and was actually a judgment on the merits, that is no compelling reason for setting it aside.

We need cite no authorities for the proposition that courts universally favor trial on the merits, and that a slight abuse of discretion in refusing to set aside a judgment is sufficient to justify a reversal. Assuming that the motion to set aside was timely, we inquire as to whether sufficient reason was shown for such relief in the present case. Here a trial date had been set, and the parties were duly notified. Counsel for appellant appeared and requested a continuance without complying with the rules of the court. He was given additional time to file the proper affidavit, and when he filed it he still failed to comply with the rule. When he was notified that execution on the judgment was to take place and that a bond had been posted, he failed to take any action. When he did file a motion to vacate the judgment, he twice failed to appear when it was scheduled for argument. This conduct of the attorney was neither inadvertence or excusable neglect. He had notice, or by the exercise of any diligence on his part would have had notice, of every action that took place in this case. Appellee, due to the inaction of appellant, posted a bond with the U. S. Marshal to execute on the judgment and changed his position materially. If such willful and negligent disregard of court rules is permitted, law suits will have little value and a condition will emerge that will interfere with the orderly disposition of the court's docket. Appellant's counsel states in his brief that there was considerable confusion existing in the trial court with regard to this case. We agree that such confusion existed; but there seems to be no doubt that it was of his own making.

It is not unfair to mention that although appellant's counsel filed a brief in this court and had some three weeks' notice of the date set for argument he failed to appear at that time. The record reveals a willful disregard not only of the orders of the trial court but of its rules as well.

Affirmed.

4. Klein v. Rappaport, D.C.Mun.App., 90 A.2d 834.