**Ezell WHITAKER, Appellant,**

**v.**

**UNITED SECURITIES CORPORATION,**
**Appellee.**

**No. 4729.**

District of Columbia Court of Appeals.

Argued Oct. 28, 1969.

Decided Dec. 3, 1969.

Joseph Dugan, Washington, D. C., for appellant.

Bernard T. Levin, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and NEBEKER, Associate Judges.

PER CURIAM:

This case arose over a dispute about a debt evidenced by a promissory note. A trial finding resulted in favor of the defendant. However, a new trial was granted

plaintiff. Thereafter, defendant was permitted to amend the answer to include a counterclaim. After the defendant rejected settlement arrangements, defense counsel, with notice to the defendant, was permitted to withdraw. The case was set for trial and on the appointed day defendant failed to appear through new counsel or in person. The same judge who had earlier tried the case thereupon entered a "default" judgment against the defendant and dismissed his counterclaim. The defendant made no effort to ascertain the status of his case until some 18 months after notice of his counsel's motion to withdraw and then only after an attachment of wages was executed. This appeal is from a denial of defendant's motion to vacate that judgment.[1]

We have said of a "default" judgment after answer:

> While the trial court rendered a default judgment in appellee's favor, it was in fact a judgment on the merits based on a verified complaint. Appellant had not defaulted in pleading, inasmuch as it had filed an answer. Therefore entry of default was not in order. But even though it was incorrectly denominated a default, and was actually a judgment on the merits, that is no compelling reason for setting it aside. Gee How Oak Tin Ass'n, etc. v. Potomac Chemicals Corp., D.C.Mun.App., 110 A.2d 86, 87 (1954) (footnotes omitted).

See G.S. Civil Rule 39(c).

■■■ We hold the judgment in this case to have been on the merits. While it may not be presumed, in the absence of a contrary indication, that the trial judge recalled the evidence from the previous trial, it was apparent to all that plaintiff had established a prima facie case on the promissory note. Failure to give notice of the application for judgment under G.S. Civil

Rule 55(b), though not technically required in light of the actual nature of this judgment, was a factor which the trial court could consider in a motion under G.S. Civil Rule 60(b) (6) to grant relief from judgment. The standard for granting such relief, however, is: "Any other reason *justifying* relief. * * * " (Emphasis supplied.)

■■■ Accordingly, since the defendant was dilatory in not timely seeking knowledge of the status of the case and timely asking for relief under G.S. Civil Rule 60(b) (6), we hold that the trial court did not abuse its discretionary power in refusing to vacate the judgment.[2] The order appealed from is

Affirmed.

---

**1.** The dismissal of the counterclaim was not challenged in the motion to vacate the judgment, and it is not a subject of this appeal.

**2.** See Blacker v. Rod, D.C.Mun.App., 87 A.2d 634 (1952).