**D. C. TRANSIT SYSTEM, INC.,
a corporation, and Joseph
Wallace, Appellants,**

v.

**Blanche Lee YOUNG, Appellee.**

No. 6185.

District of Columbia Court of Appeals.

Argued Feb. 24, 1972.

Decided June 23, 1972.

Morton Berg, Washington, D. C., for appellants.

Joyce Capps, Washington, D. C., for appellee.

Before NEBEKER, PAIR and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

The appellants (defendants) challenge as error the entering of a default against them by the Calendar Control and Motion's Judge of the Superior Court on October 13, 1971, in a negligence action, and the subsequent entering of a judgment by the trial judge after hearing evidence as to damages.

The record reflects that prior to default, appellants had answered and filed a pretrial statement. However, after pretrial hearing the case was set for trial and continued on several occasions. After being continued twice due to the unavailability of a judge, the trial was rescheduled for April 13, 1971, by agreement of counsel. Over objection of appellee, plaintiff below, the appellants obtained a continuance on the latter occasion due to the unavailability of their doctor. Trial was reset for May 24 but again was rescheduled due to injuries

sustained by appellant Wallace and ultimately was reset for October 13. On that date appellee reported ready for trial but the Calendar Control and Motions Judge was advised by another attorney employed by D.C. Transit Co. that counsel of record for appellants was still engaged in a trial in Superior Court that had begun the previous day and therefore requested a continuance.

The judge denied the continuance and appellee moved for a judgment by default subject to *ex parte* proof. Substitute counsel for appellants then stated he was not prepared to try the case. It developed later that his witnesses had not been subpoenaed or asked to be present. The court granted the default and ordered the case sent to a trial judge for an *ex parte* hearing on damages. At that hearing substitute counsel was present and moved to vacate the default. He represented that the preceding afternoon, counsel of record for appellants had called the Assignment Office to report that he would still be in trial on the 13th in another case. However, he was unable to reach the Assignment Judge, so he asked another D.C. Transit attorney to appear for appellants and move for a continuance.

The motion was denied and the matter proceeded to an *ex parte* hearing on damages. Substitute counsel was present for appellants, but he indicated it was not possible to have his witnesses on damages present.

Since the record does not reflect whether a trial judge was available, appellants argue that the Calendar Control and Motion's Judge abused his discretion in entering the default. Further, they contend that by the terms of Superior Court Civil Rule 55(b) (2) [1] they were not in fact in default since they had answered, participated at a pretrial hearing and were present in court when the default was entered.

We agree with the trial court that appellants might have sought a continuance the day prior to trial date, or in the alternative asked other company counsel to prepare to try the case. Instead, they assumed that a sixth trial date would be set and failed to call their witnesses.

 One who has knowledge of a definite date for trial must know that if he fails to appear ready for trial he runs the risk of the trial proceeding without him,[2] or even of having judgment entered against him where there is a verified complaint.[3] A defendant who appears on the trial date but refuses to proceed is not in much better position than one who fails to appear. However, a default should not have been entered since the defendant had answered. As he was not in default in pleading, a confession of liability cannot be inferred and the plaintiff must be put to his proof.

In Klein v. Rappaport, D.C.Mun.App., 90 A.2d 834, 835 (1952), where the case was at issue but defendant had moved for a continuance when it was called for trial, this court held:

> With the litigation in that posture and the judge having decided that there should be no further continuance, he should have proceeded to take proof and enter judgment on the merits. It was not proper to enter a judgment by default. Absence of a defendant when a case is called for trial after it is at issue does not warrant a judgment against him by default, but a trial or hearing on the issues is necessary and the judgment which follows is based on the proof adduced. [Citations omitted.]

1. Super.Ct.Civ.R. 55(b) (2) is identical to Fed.R.Civ.P. 55(b) (2), except that it has been revised to refer to any "applicable statute" in place of "statute of the United States".

2. Waxler v. Levin, D.C.Mun.App., 131 A.2d 294 (1957).

3. Gee How Oak Tin Ass'n of District of Columbia v. Potomac Chemicals Corp., D.C.Mun.App., 110 A.2d 86 (1954).

To the same effect, *see* Bass v. Hoagland, 172 F.2d 205 (5th Cir.), cert. denied, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949).

These authorities dictate that under the circumstances at hand the plaintiff must be put to his proof as to liability equally as much as to proving his damages. Where the defendant has answered it is only reasonable that before taking proof as to damages the court satisfy itself that plaintiff's cause is meritorious. Although in the instant case appellee's deposition had been taken, it was not introduced into evidence. Had the deposition been introduced in evidence it might well have sufficed to make out a prima facie case of liability.

■ We do not intend by this result to indicate any sympathy for the plight of defense counsel who seemed to have assumed that they could obtain another continuance. It is important that the trial calendar be kept moving and that last minute continuances be avoided where possible. This is not an easy task and the determination of the trial court to deny a request for a continuance should not be disturbed on appeal lacking a showing that it was a clear abuse of discretion.

When a plaintiff refuses or fails to proceed, the defendant may move for a dismissal.[4] It is equally important that the plaintiff have a remedy when the defendant refuses to proceed.[5]

■ However, it was error for the trial court to enter a default since this case was at issue when defendant refused to proceed. We think it is essential to require proof of liability as well as damages where the defendant has filed an answer.

Reversed and remanded.

PAIR, J., concurs in the result.

---

4. Super.Ct.Civ.R. 41(b) is identical to Fed. R.Civ.P. 41(b) except for deletions of venue reference.

5. Gee How Oak Tin Ass'n v. Potomac Chemicals Corp., *supra* note 3.