**Richard V.S. LUNA, Appellant,**

v.

**A.E. ENGINEERING SERVICES, LLC, and Angelo Ellison, Appellees.**

**No. 06–CV–233.**

District of Columbia Court of Appeals.

Submitted Sept. 11, 2007.
Decided Dec. 20, 2007.

Richard V.S. Luna, pro se.*

Before REID, GLICKMAN and BLACKBURNE–RIGSBY, Associate Judges.

GLICKMAN, Associate Judge:

Richard V.S. Luna hired Angelo Ellison and Ellison's firm, A.E. Engineering Services, LLC, to install a boiler in his home. The installation allegedly was performed improperly, flooding Luna's basement and causing property damage. Luna and his wife thereafter sued Ellison and A.E. Engineering Services in Superior Court. Their lengthy complaint asserted breach of contract, negligence, intentional infliction of emotional distress, constructive eviction, and violations of both the District of Columbia Consumer Protection Procedures Act[1] and the municipal licensing regulations governing home improvement contractors.[2] The trial court granted Ellison's motion to dismiss the claims against him in his personal capacity. It subsequently entered a default against A.E. Engineering Services and, after a hearing, awarded the plaintiffs a judgment for only a fraction of the damages they sought. This appeal followed.[3] We conclude that the dismissal of the claims against Ellison was premature and that Luna is entitled to a new trial.[4]

---

* Appellees have not filed any briefs. We therefore consider the appeal on the record and on appellant's brief alone.

1. D.C.Code §§ 28–3901 *et seq.* (2007).

2. *See* D.C. MUN. REGS. tit. 16, § 800 (2007).

3. Only Mr. Luna has appealed.

4. In addition to appealing the dismissal of his claims against Ellison and the judgment against A.E. Engineering Services, Luna asks us to reverse the trial court's imposition of a monetary sanction on him. In our view, the sanction, in the amount of $500, was a measured response to dilatory conduct and a fail-

## I.

■ At the outset of the case, Ellison and his company failed to file a timely answer to the complaint. Luna asserts that the trial court erred in granting the defendants' motion for an extension of time to file their answer instead of defaulting them pursuant to Civil Rules 12(a)(5) and 55(a).[5] We disagree. Although the twenty-day time period for answering the complaint had passed, an order of default had not yet been issued or docketed when the defendants requested additional time. The motion was filed only eighteen days after their answer was due. By the express terms of Rule 55(a), the default had not yet taken effect, and the court was authorized to extend the time to plead on a showing of good cause.[6] Moreover, even granting that a default *should* have been entered, the court had discretion under Rule 55(c) to lift it for "good cause shown." Given the minimal delay, the absence of any unfair prejudice to the plaintiffs, the length and complexity of the eleven-count complaint, and "the strong judicial policy favoring adjudication on the merits,"[7] we

are not persuaded that the trial court abused its discretion in granting the requested relief. *See Arthur v. District of Columbia,* 857 A.2d 473, 485 (D.C.2004) ("[I]f defendant appears and indicates a desire to contest the action, the court can exercise its discretion and refuse to enter a default. This approach is in line with the general policy that whenever there is doubt whether a default should be entered, the court ought to allow the case to be tried on the merits.") (quoting 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, Federal Practice and Procedure § 2682 (1998)).[8]

## II.

■ Shortly after the defendants filed their answer, they moved to dismiss the complaint against Ellison in his personal capacity for failure to state a claim upon which relief could be granted. Citing the "corporate status" of A.E. Engineering Services (a limited liability company), the two-page motion to dismiss asserted that Ellison could not be held personally liable

---

ure to prosecute by Luna that caused the defense to incur unnecessary counsel fees. We are not persuaded that the court abused its discretion. *See Dobbs v. Providence Hosp.,* 736 A.2d 216, 220 (D.C.1999). Accordingly, we decline to second-guess its ruling.

5. Superior Court Civil Rules 12(a)(5) and 55(a) provide that when a defendant fails to serve a timely answer to the complaint, the clerk or the Court "shall" enter a default *sua sponte. See Restaurant Equip. & Supply Depot, Inc. v. Gutierrez,* 852 A.2d 951, 955–56 (D.C.2004); *Digital Broad. Corp. v. Rosenman & Colin, LLP,* 847 A.2d 384, 389 (D.C.2004). In granting the extension of time, the court denied Luna's request that a default be entered.

6. Specifically, Rule 55(a) states in pertinent part as follows:

Any order of default entered *sua sponte,* including a default for failure to respond to

the complaint within the time prescribed in Rule 12(a), shall not take effect until fourteen (14) days after the date on which it is docketed and shall be vacated upon the granting of a motion filed by defendant within such 14 day period showing good cause why the default should not be entered. Before an order of default is issued, the time to plead or otherwise defend may be extended by one of the following:

(1) An order granting a motion which shows good cause for such an extension.

7. *Walker v. Smith,* 499 A.2d 446, 448 (D.C. 1985).

8. Luna also argues that the trial court should have denied the defendants' motion for additional time because it lacked a certification that the plaintiffs' consent could not be obtained despite diligent efforts, as required by Civil Rule 12–I(a). In view of the absence of prejudice to the plaintiffs, we think the trial court had discretion to overlook this lapse.

to the plaintiffs because he had conducted business with them only in his role as a company officer, had not personally guaranteed the company's work, and had not "committed, participated in or inspired any tortious acts or omissions" against the plaintiffs. Over Luna's opposition, the trial court granted the motion to dismiss Ellison based solely on the foregoing factual representations.[9]

We agree with Luna that the court acted prematurely in granting the motion to dismiss. Our review is *de novo*.[10] In considering the sufficiency of the complaint against Ellison, we—like the trial court—are obliged to "accept its factual allegations and construe them in a light most favorable to" the plaintiffs.[11] If the complaint "adequately states a claim" when thus viewed, "it may not be dismissed based on a . . . court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder."[12] And (with limited exceptions not applicable here) a motion to dismiss for failure to state a claim "may not rely on any facts that do not appear on the face of the complaint itself."[13]

The complaint in this case specifically alleged that Ellison and A.E. Engineering Services did not disclose that their business was a limited liability company. Absent such disclosure, Ellison could be held liable on the company's contract with Luna even if he did act only as the company's agent.[14] "Whether proper disclosure . . . occurred is a question of fact which depends on all of the surrounding circumstances."[15] The trial court therefore could not resolve this issue solely on the pleadings. Furthermore, with some specificity, the complaint charged Ellison (as well as his company) with several torts, including negligent misrepresentation, negligent supervision, and negligence in the installation of the boiler. "The general rule is that corporate officers are personally liable for torts which they commit, participate in, or inspire, even though the acts are performed in the name of the corporation."[16] The extent of Ellison's participation in and responsibility for the alleged torts was a quintessential question of fact that could not be answered at the pleading stage.

By denying Luna's allegations, the motion to dismiss the claims against Ellison merely "raised a factual defense which had nothing to do with the legal sufficiency of

---

9. Or so we must assume, as the trial court did not set forth its reasons for granting the motion.

10. *Chamberlain v. American Honda Fin. Corp.*, 931 A.2d 1018, 1022 (D.C.2007).

11. *Id.* at 1023.

12. *Bell Atl. Corp. v. Twombly*, —— U.S. ——, —— n. 8, 127 S.Ct. 1955, 1969 n. 8, 167 L.Ed.2d 929 (2007).

13. *American Ins. Co. v. Smith*, 472 A.2d 872, 874 (D.C.1984).

14. *See Rosenthal v. National Produce Co., Inc.*, 573 A.2d 365, 369, 371 (D.C.1990) (holding that an agent may be liable on a contract for breaches occurring prior to the agent's disclosure that the principal was a corporation). The use of a trade name alone, as is alleged in this case, "is insufficient to establish as a matter of law" that the entity's corporate status was disclosed. *Id.* at 371 n. 13.

15. *Id.* at 369; *see also American Ins. Co.*, 472 A.2d at 874–75.

16. *Vuitch v. Furr*, 482 A.2d 811, 821 (D.C. 1984). *See, e.g., Childs v. Purll*, 882 A.2d 227, 239 (2005) ("Even absent grounds to pierce the corporate veil, 'corporate officers are not shielded by the limited liability of the corporation for liability for their own tortious acts.' ") (quoting *Camacho v. 1440 Rhode Island Ave. Corp.*, 620 A.2d 242, 246 (D.C. 1993)).

appellant's complaint." [17] We are constrained to reverse the trial court's decision to grant that motion.

## III.

▮▮▮▮▮ Following the dismissal of Ellison as a defendant, the lawsuit proceeded against A.E. Engineering Services. In March 2005, the trial court denied the parties' cross-motions for summary judgment. Three months later, on June 24, 2005, the defendant company's counsel sent Luna a letter stating that the company continued to deny liability but lacked the assets "to actively pursue a defense." Consequently, the letter stated, "further proceedings [would] be uncontested." Based on this representation, Luna moved for a default judgment. The trial court granted the unopposed motion, in part, by entering a default against A.E. Engineering Services and scheduling a hearing "to determine damages." Notwithstanding his June 24 letter, counsel for A.E. Engineering Services attended the damages hearing and contested Luna's damage claims.[18] At the close of the hearing, Luna requested an award of $22,235.40. The trial court,

finding most of the damage claims unproven, awarded only $3,022.50.[19]

Luna's principal contention with respect to the damages hearing (and the only one we think it necessary to address in any detail) is that the trial court abused its discretion by reopening issues of liability with respect to the causes of action in the complaint for regulatory and statutory violations. Over Luna's objection, the court ruled at the hearing that Luna would have to prove his allegations that A.E. Engineering Services had violated the home improvement contractor regulations by undertaking his boiler installation without having the necessary licenses.[20] The court also permitted A.E. Engineering Services to introduce evidence of its compliance with the licensing requirements. Having understood that the hearing had been limited to the ascertainment of damages, Luna was unprepared to prove the alleged regulatory violations. In the end, the court concluded that, with one minor exception, the home improvement contractor regulations had not been violated because the work performed by A.E. Engineering Services did not fall within their purview.[21]

17. *American Ins. Co.*, 472 A.2d at 874.

18. "An entry of default in a claim for unliquidated damage admits only the nondefaulting party's right to recover, not the amount of damages.... [A]lthough the defaulting party may not introduce evidence to defeat his opponent's right to recover at the hearing to establish damages, he is entitled to present evidence in mitigation of damages and cross-examine witnesses." *Firestone v. Harris*, 414 A.2d 526, 528 (D.C.1980) (citations omitted).

19. The largest component of Luna's claimed damages was the cost of a new boiler, but the court was not persuaded that this was a necessary expense. We defer to the trial court's factual determinations. *See* D.C.Code § 17–305 (2001).

20. D.C. Mun. Reg. § 16–800.1 provides that "[n]o person shall require or accept any payment for a home improvement contract in

advance of the full completion of all work required to be performed under the contract, unless that person is licensed as a home improvement contractor or as a licensed salesperson employed by a licensed contractor in accordance with the provisions of this chapter." This court has consistently held that violation of this regulation "renders the contract void and unenforceable, even on a quasi-contractual basis," and requires disgorgement of any payments received. *Cevern, Inc. v. Ferbish*, 666 A.2d 17, 20 (D.C.1995) (quoting *Capital Constr. Co. v. Plaza W. Coop. Ass'n*, 604 A.2d 428, 429–30 (D.C.1992)) (citing cases).

21. The court did, however, find the company liable because one of its employees did not have a plumber's license. The court awarded damages for that infraction.

The court similarly refused to hold A.E. Engineering Services liable for the violations of the Consumer Protection Procedures Act alleged in the complaint (for which special damages could have been awarded [22]).

In general, the entry of a proper default "precludes the defaulting party from offering any further defense on the issue of liability." [23] "[T]he entry of a default operates as an admission by the defaulting party that there are no issues of liability," [24] leaving only damages to be determined. Accordingly, "[u]nless the default order provides otherwise, proof of liability thus becomes unnecessary." [25] Inasmuch as the default order in this case specified that the purpose of the hearing was "to determine damages," the trial court erred when it required proof of liability with respect to the regulatory and statutory counts of the complaint. We are satisfied that Luna was prejudiced by the court's unexpected ruling.

Ordinarily, a plaintiff improperly required to prove a defaulted defendant's liability at a damages hearing would be entitled to a new damages hearing with respect to the liability in question. That is not the correct remedy in this case, however. As Luna himself argues in his brief on appeal, it was a mistake to enter a default in the first place. A.E. Engineering Services had answered the complaint. We have held that "it is essential to require proof of liability as well as damages where the defendant has filed an answer," even when the defendant thereafter has "refused to proceed." [26] If the defendant "was not in default in pleading, a confession of liability cannot be inferred and the plaintiff must be put to his proof. . . . Where the defendant has answered it is only reasonable that before taking proof as to damages the court satisfy itself that plaintiff's cause is meritorious." [27] Thus, the error in this case is not that Luna was required to prove liability, but that he was misled into thinking that he would not have to do so. Accordingly, with respect to his claims of statutory and regulatory violations, we remand for a new trial as to both liability and damages.[28]

## IV.

In sum, we reverse both the dismissal of Luna's claims against Ellison and the judgment against A.E. Engineering Services and remand for further proceedings consistent with this opinion.

**22.** *See* D.C.Code § 28–3905(k)(1)(A) (authorizing "treble damages, or $1500 per violation, whichever is greater, payable to the consumer"); *see also District Cablevision Ltd. P'ship v. Bassin*, 828 A.2d 714, 729 (D.C. 2003).

**23.** *Lockhart v. Cade*, 728 A.2d 65, 68 (D.C. 1999).

**24.** *Id.* (internal quotation marks and citations omitted).

**25.** *Id.* (footnote and citations omitted).

**26.** *D.C. Transit Sys., Inc. v. Young*, 293 A.2d 488, 490 (D.C.1972); *see also Jones v. Hersh*, 845 A.2d 541, 548 (D.C.2004).

**27.** *D.C. Transit Sys.*, 293 A.2d at 489–90.

**28.** Given the state of the record and our decision reversing the dismissal of Ellison, we decline Luna's invitation to determine the company's liability under the Consumer Protection Procedures Act as a matter of law.