Ackerman v. Ackerman.

## MARY E. ACKERMAN v. JOHN M. ACKERMAN.

1. A compromise voluntarily made without any fraud or imposition will not be set aside, however disadvantageous it may be. But if a debtor fraudulently conceals his property, and by a false and fraudulent representation of his inability to pay, induces his creditor to compound his debt, the creditor will not be bound by the composition.

2. Plaintiff recovered a judgment for $4000; defendant transferred stock of which he was owner, the par value of which was $11,000 or $12,000, in trust for his wife, to put it beyond reach of execution on the judgment, and left the state. On representations by defendant that he had nothing to pay with, the plaintiff, without knowledge of the fraudulent transfer by the defendant of his property, was induced to sign a satisfaction-piece on payment of $50, and the judgment was canceled of record. *Held,* that the satisfaction-piece was procured by fraud and that the cancellation of record should be vacated.

On rule to show cause why the satisfaction of a judgment should not be vacated.

Argued at November Term, 1881, before Justices Depue, Van Syckel and Parker.

For the plaintiff, *T. H. Shafer.*

The opinion of the court was delivered by

Depue, J. The plaintiff, in November, 1868, recovered upon the verdict of a jury a judgment against the defendant

for $4000 debt and $89.26 costs.   In November, 1879, satis-
faction of the judgment was entered of record in virtue of a
power of attorney made for that purpose.   The plaintiff now
applies to have that satisfaction set aside and vacated on the
ground that it was procured by fraud.·

A court of law may, where the rights of third persons have
not intervened, cancel the satisfaction of record of its own
judgment, if the same was procured by fraud or false and
fraudulent representations.   This power exists in virtue of
the control of the court over its own records.   *Keogh* v.
*Delany,* 11 *Vroom* 97.

The plaintiff is the defendant's daughter.   The defendant
left the state immediately after the verdict was rendered and
before judgment could be entered, and did not return until
after satisfaction was entered of record.

The defendant paid $50 for the satisfaction-piece.   He ad-
mits that he induced the plaintiff to give the power of attor-
ney by representing that he had no property.   He says that
representation was true.

The depositions show that the defendant at one time was the
owner of seventy shares of the capital stock of the National Ex-
press Company and fifty shares of the stock of the Safe Deposit
Company of New York.   The par value of these stocks was
between $11,000 and $12,000.   These stocks the defendant,
in December, 1867, transferred to his wife, or to some one for
her benefit, without any consideration paid for the transfer.
The defendant admits that he made this transfer of property
to save it, in case he had creditors, so that they could not get
hold of it.   He also says that his object in making the trans-
fer of this property was to place it beyond the reach of exe-
cution in case judgment was recovered against him in this
suit.

On the case presented by the depositions a plain case of a
transfer of property in fraud of creditors is shown.

A compromise voluntarily made without any fraud or impo-
sition cannot be set aside, however disadvantageous it may be.
*Steele* v. *White,* 2 *Paige* 478.   But, as fraud vitiates every

Ackerman v. Ackerman.

transaction infected by it, a compromise obtained by fraud is a nullity. Thus, if a creditor compounds with his debtor under a false impression, in which the debtor knowingly leaves him, as to the extent of the debtor's estate, the creditor will not be bound by the composition, and may sue for the balance of his debt. *Vine* v. *Mitchell*, 1 *Moo. & Rob.* 337. Inducing a creditor to part with his claim at a sacrifice, by a false representation that the debtor is insolvent and unable to pay his debts, is a fraud, and indictable as a false pretence. *State* v. *Tomlin*, 5 *Dutcher* 13.

The merits of this application consist in the inquiry whether the plaintiff was induced to sign the satisfaction by fraud.

Independent of those cases of implied or constructive fraud which arise out of a breach of duty, trust or confidence presumed from the relations existing between the parties, fraud consists of the conjunction of wrong and injury. Fraud in this sense always implies artifice, deceit, and injury resulting therefrom. The complaining party must show that a deception was practiced—a false representation of a material fact, made with knowledge of its falsity, and that he, being ignorant of its falsity and believing it to be true, was induced to act upon it. *Big. on Fraud* 3. If a party having knowledge of the fraud settles the matter in relation to which the fraud was committed, and releases the person who defrauded him, he can have no relief either at law or in equity. *Parsons* v. *Hughes*, 9 *Paige* 591; *Adams* v. *Sage*, 28 *N. Y.* 103; *Baker* v. *Spencer*, 47 *Id.* 562; 1 *Story Eq.*, §§ 202, 203.

The defendant testified that he had a number of interviews with the plaintiff before she consented to cancel the judgment, in each of which he represented that he had nothing; that he felt it to be his duty to protect his family, and had nothing of his own to give her. This testimony is equivocal in import. Coupled with a positive assertion of the defendant that he had nothing to pay with, what he said would naturally imply that his duty to his family had reference to future acquisitions of property. It certainly will not call for the inference that he made the plaintiff acquainted with the fraud

he had committed in putting away his property, that with knowledge of the facts she might condone the fraud.

The plaintiff testified that she first learned that the defendant had transferred his property to his wife about two or three months before she was examined as a witness. She was examined as a witness in June, 1881, and the rule to show cause was obtained May 12th, 1881.

The plaintiff's testimony is confirmed by that of Mr. Shafer, her attorney. He testified that, in obedience to the plaintiff's instructions, he met the defendant in New York city by appointment, and endeavored to pursuade him to settle the judgment by paying part of the debt, and that the defendant declined to do so upon the ground that he had nothing to pay with—that he could not even pay the costs of the suit. The conduct of the attorney would be inexplicable in accepting the small sum of $50 in settlement if he or his client had knowledge of the property which the defendant had transferred in fraud of creditors, which might be reached in satisfaction of the judgment.

I think there is no reason for denying the plaintiff relief on the ground that she executed the satisfaction-piece with knowledge of the defendant's prior fraudulent conduct, and that the satisfaction entered on the record should be vacated, with costs.