THOMAS FAUGHNAN v. THE CITY OF ELIZABETH.

1. A satisfaction of judgment entered by the clerk by virtue of a warrant from the attorney of record of the plaintiff, will be vacated if the attorney was without authority to satisfy the judgment, and the defendant was not misled and other parties are not affected by the vacation.

2. An attorney of record has no power to satisfy a judgment, upon receiving less than the amount due thereon, without the consent of his client.

3. An attorney of this court, who removes his residence from the state, cannot enter appearance and become attorney of record in any action thereafter, but he does not cease to represent his client in actions previously commenced, until his client has substituted another attorney in his place.

4. When an attorney of record receives from the defendant a sum less than the amount due on a judgment against the latter and satisfies the judgment without the consent of his client, the satisfaction will only be vacated upon the terms that the plaintiff release and discharge the defendant from the judgment to the extent of the payment made to the attorney.

On rule to show cause why a satisfaction of a judgment should not be vacated.

The judgment was recovered by Thomas Faughnan against the city of Elizabeth, January 8th, 1882. On December 21st, 1891, Thorndike D. Hodges, the attorney of record of Faughnan, executed a warrant of attorney to the clerk, requiring him to enter satisfaction of the judgment, which the clerk did on January 18th, 1892, pursuant to section 24 of the "Act concerning judgments." *Gen. Stat., p.* 1844.

It appears by affidavits taken under the rule that Hodges delivered the warrant of attorney to satisfy the judgment to the comptroller of the city, who paid him a sum of money equaling eighty-five per cent. of the principal and interest then due on the judgment, and that Hodges has not accounted with his client for any part of the money so received.

Argued at June Term, 1895, before Justices VAN SYCKEL, MAGIE and LIPPINCOTT.

For the plaintiff, *Joseph A. Beecher.*

For the defendant, *James C. Connolly.*

The opinion of the court was delivered by

MAGIE, J.    A satisfaction of a judgment obtained by fraud or given by mistake, will be vacated. *Keogh* v. *Delany,* 11 *Vroom* 97; *Ackerman* v. *Ackerman,* 15 *Id.* 173; *Harrison* v. *Maxwell, Id.* 316.

The contention in this case is that the satisfaction should be vacated because the attorney had no power to execute the warrant by virtue of which the satisfaction was entered.

When a defendant has not been misled by the attorney's apparent power, and no rights of third parties are affected, I see no reason why a satisfaction should not be vacated if wrong has been done by its entry, even though it was not obtained by fraud.

It is not claimed that the attorney of record may not receive the money due on the judgment and satisfy it. His power to do so was early settled in this state, and the legislature has prescribed the mode in which he may enter satisfaction upon the record, either personally or by his sealed warrant, directed to the clerk and authorizing him to enter it. *Wycoff* v. *Bergen, Coxe* 214; *Gen. Stat.*, p. 1843, §§ 22, 24.

But the claim is that when Hodges gave the warrant in this case, he had lost the power to give it because he had then removed his residence from this state.

This claim is put upon the provisions of the tenth rule of this court, which provides that " no attorney of this court not actually residing in this state shall appear to act as attorney on record in any case in any of the courts of this state." It is plain that this rule prohibits a non-resident attorney of this court from commencing any action or appearing to defend any action as attorney of record in this court. But if, while resident, an attorney of this court has appeared as attorney of record in an action, will his subsequent change of residence, *ipso facto*, revoke and annul his power to act for his client? I do not think the rule in question was intended to produce such a result. Its terms, properly construed, refer to the original appearance of the attorney, by which he becomes attorney of record, and not to every subsequent act as such attorney. Removal of residence, therefore, does not deprive the attorney of the powers conferred by his original warrant of attorney until his client, of his own motion or upon warning from his opponent, under the provisions of section 6 of the Practice act, substitutes another in his place as attorney.

But if I had taken a different view of the rule, I should still be of opinion that the plaintiff has not sustained his

claim in this respect. He has made it appear that Hodges was a resident of this state when the action was commenced and judgment was obtained, and for a long time after. While his affidavits show that Hodges left the house in this state, in which he had been residing before he executed the warrant to satisfy the judgment, yet they fail to show that he took up or acquired a residence elsewhere, and until he did so his residence in New Jersey remained.

The result is that Hodges had authority to collect the judgment and to satisfy it.

The question remains whether he had authority to satisfy the judgment upon the receipt of only a part of the amount due thereon.

If Faughnan had received the eighty-five per cent. of the principal and interest due on December 21st, 1891, and had himself executed a warrant directing the clerk to satisfy the judgment, it may be that his act would have operated to discharge the whole debt upon the payment of part thereof. *Beers* v. *Hendrickson,* 45 *N. Y.* 665 ; *Ackerman* v. *Ackerman, ubi supra.* But the question before us is as to the power of an attorney of record acting under the authority given by his employment.

In *Wycoff* v. *Bergen, ubi supra,* Chief Justice Kinsey expressed the opinion that the authority of such an attorney was so extensive as to permit him to acknowledge satisfaction of a judgment, even though he had received nothing thereon. But it would seem that the case did not depend upon that point, but rather upon an implied consent of the party to the satisfaction given by his attorney. A different view was taken in the courts of New York. *Jackson* v. *Bartlett,* 8 *Johns.* 361 ; *Kellogg* v. *Gilbert* (*per Kent, C. J.*), 10 *Id.* 220. This court has since held that an attorney of record cannot waive a substantial legal right of his client without the latter's consent. *Howe* v. *Lawrence,* 2 *Zab.* 99. And the Court of Chancery has held that a solicitor cannot accept part of the sum due on a decree in payment of the whole without express authority from his client. *Watts.* v. *Frenche,* 4 *C. E. Gr.* 407. It was

also held in that court that an attorney cannot give up his client's security unless he receives actual payment therefor. *Terhune* v. *Colton*, 2 *Stock.* 21.

The true view, in my opinion, is that, after judgment, the attorney of record has no authority under his original retainer to satisfy the judgment upon receiving less than the amount due thereon, without the plaintiff's consent.

When the plaintiff knows of and acquiesces in such an act of his attorney, and so induces the defendant to infer that the act is done with his consent, a different question would be presented. But there is nothing to show that the defendant in this case was thus misled. It is plain that the city officials assumed that the attorney possessed authority under his retainer to satisfy the judgment. Although this assumption was erroneous in point of law, their acting upon it was not fraudulent, nor should it deprive the city of the benefit of the payment then made to an attorney whom the plaintiff permitted to continue to represent him.

No rights of third parties will be affected by the vacation of this satisfaction.

Under all the circumstances, I think the satisfaction should be vacated. But as the city has paid a large amount upon the judgment, Faughnan must execute and deliver to the city a sufficient release and discharge for the amount thus paid, as of the date of payment. Upon delivering a release which will be satisfactory to the city attorney, he may enter a rule vacating the satisfaction and may enforce the judgment for the amount not released. If the release tendered is not satisfactory to the city attorney, plaintiff may apply, upon notice, for leave to enter such a rule.