GIUSEPPE MEGARO, PLAINTIFF, v. EMIDIO CORDAS'CO
AND MARIA CORDASCO, DEFENDANTS.

Argued May 3, 1932—Decided July 13, 1932.

Before Justices TRENCHARD, CASE and BROGAN.

For the rule, *Carl* and *William Abruzzese.*

*Contra, Anthony R. Finelli.*

PER CURIAM.

The defendants obtained this rule requiring the plaintiff
to show cause why plaintiff's judgment should not be satis-
fied of record. The case was argued orally but neither side
has seen fit to furnish the court with any brief.

No copy of the judgment in question has been laid before
the court. There is presented to us the affidavits upon which
the rule to show cause was obtained, but these of course cannot
be used to sustain entry of satisfaction of the judgment.
*Hankinson* v. *Hummer,* 12 *N. J. L.* 64. Depositions were
taken under the rule and have been laid before us.

The depositions tend to show that the judgment was en-
tered May 4th, 1925, for $1,166 damages and $38.10 costs;
that on February 1st, 1926, the plaintiff received a payment
of $600 on account of the judgment; that on February 17th,
1927, the attorney of defendants paid to the sheriff (who
had an execution in his hands) "on account of this judg-
ment" $770, who, after deducting $98.97 costs, paid to the
"attorney of the plaintiff" the remainder of the $770. It
would therefore seem, if such payments were made *wholly*
on account of the judgment, that it has been fully paid, unless

there were other costs or fees payable on account of the judgment.

The plaintiff claims, as we see it, that such payments were not *wholly* made on account of such judgment, and also that there were other costs or fees which still remain unpaid, and in the deposition he says that there is still due "about $300."

The defendants on the other hand claim broadly that the judgment has been fully paid.

The matters pertinent to this issue, so far as they appear in the depositions, are so meagre and confused, and so imperfectly stated, that it is impossible for us to satisfactorily determine the fact. This is so with respect to the question whether or not the payments made were *wholly* on account of the judgment, and is also true with respect to the broad claim made by the plaintiff that there were other costs and fees unpaid on account of this judgment, among others, certain fees or costs of reinstating the judgment after it had been improperly if not fraudulently canceled on January 29th, 1926.

Standing in the way of a determination that the judgment has been fully satisfied, is this pertinent piece of evidence appearing in the depositions. It appears that on September 3d, 1927, there was outstanding an alias execution; that on that day the Chief Justice granted a rule to show cause why proceedings thereon should not be stayed and the alias execution be quashed and the judgment canceled of record. Pending that matter, on September 30th, 1927, the attorney of the defendants wrote a letter to the attorney of the plaintiff, as follows:

"I have arranged with my clients to allow you the sum of $100 for your fees in the Megaro matter. My clients do not happen to have the money at hand, but they faithfully promised me to turn over this sum to me the latter part of the coming week. I am therefore enclosing a stipulation extending the time for the argument of the rule to show cause for two weeks and I trust that in the meantime a satisfactory arrangement can be effected. Will you therefore please sign the original stipulation and keep the copy for your files."

The depositions show that this offer of compromise was accepted, but the $100 was never paid, and that the rule to show cause then outstanding was abandoned. This is uncontradicted.

We have thus referred to what seems to us to be some of the pertinent matters, such as they are, as exhibited by this meagre record, which, upon the whole, is so imperfect and unsatisfactory as to leave us in doubt as to the only question with which we are concerned, namely, has this judgment been fully paid?

In this situation we think it would be improper for us to act, for the rule is that the court will not order satisfaction of a judgment to be entered unless the proof of payment thereof is full and satisfactory. *Hankinson* v. *Hummer*, 12 *N. J. L.* 64.

The rule will be discharged, but without costs.