13 N.J. Super. 258 (1951)
80 A.2d 445
IN THE MATTER OF THE ESTATE OF JOSEPH MANFREDINI, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued April 9, 1951.
Decided April 30, 1951.
*259 Before Judges EASTWOOD, BIGELOW and FREUND.
Mr. Walter S. Keown argued the cause for the appellant (Mr. Joseph P. Wilson, attorney).
Mr. S.P. McCord, Jr., argued the cause for the respondents (Messrs. Starr, Summerill & Davis, attorneys).
The opinion of the court was delivered by BIGELOW, J.A.D.
The residuary clause of the will of Joseph Manfredini is the subject of the appeal. He bequeathed to his wife so much of his residuary estate as would, "when added to such property as my wife and I own jointly at the date of my death, equal one-half of my net taxable estate." The balance of the residuary estate he gave to his brother and two sisters. At the time of testator's death, he and his wife owned jointly a mortgage for $2,500 and they also owned United States Savings Bonds of the withdrawal value of $25,202, registered:  "Joseph Manfredini or Mrs. Josephine Manfredini." The County Court held that when testator spoke of property owned jointly by himself and his wife, he meant not only the mortgage but the savings bonds, and the court decreed distribution accordingly. The wife appeals.
The Treasury regulations under which the savings bonds were issued, provide for payment as follows:
"During the lives of both coowners the bond will be paid to either coowner upon his separate request without requiring the *260 signature of the other coowner; and upon payment to either coowner the other person shall cease to have any interest in the bond."
"If either coowner dies without the bond having been presented and surrendered for payment or authorized reissue, the surviving coowner will be recognized as the sole and absolute owner of the bond and payment or reissue, as though the bond were registered in his name alone, will be made only to such survivor."
The rights of the co-owners of a savings bond are strikingly like those held by two persons in a savings bank account, where the money may be drawn by either while both are alive and, upon the death of one of them, the survivor becomes entitled to the whole. The appellant points out that she and her husband were not technically joint tenants of the bonds because, while both lived, each of them had the right to collect the entire proceeds. The same point has been made concerning the similar savings account. N.J.T.G. & T. Co. v. Archibald, 91 N.J. Eq. 82 (E. & A. 1919). Yet such an account is generally called a joint account by all parties concerned and the depositors are described as joint tenants in the bank records. It is held by our courts that when one of the depositors exercises his power to withdraw the whole fund, he becomes accountable to his fellow depositor for the latter's share. Goc v. Goc, 134 N.J. Eq. 61 (E. & A. 1943). We need not inquire whether a like result would be reached if one co-owner of a savings bond collected and retained the whole amount payable on it without the consent of the other owner.
The question is what testator meant by the language found in his will. His problem was the situation that would follow his death. Upon his demise, the entire beneficial title in the savings bonds and in the mortgage would vest in his wife, exactly as if they were all jointly owned by husband and wife.
It seems clear to us that the County Court correctly interpreted testator's intention expressed in his will. The judgment will be affirmed, but without costs to either party.