34 N.J. Super. 329 (1955)
112 A.2d 300
JOSEPH ROBINO, BY GABRIELE GIORDANO, ASSIGNEE, PLAINTIFF-APPELLANT,
v.
FRANK SANTANELLO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 28, 1955.
Decided March 4, 1955.
*330 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Alfonso Bivona argued the cause for appellant.
Mr. Harry L. Shure argued the cause for respondent (Mr. Philip Newman, attorney).
PER CURIAM.
This is an appeal from an order of the Monmouth County Court directing satisfaction of a district court judgment held by Giordano, assignee of the judgment creditor.
In 1927 Robino recovered judgment against defendant in the Asbury Park District Court for $117.14, plus interest and costs. The judgment was filed and recorded in the Monmouth Court of Common Pleas in January 1940, having meanwhile been assigned to Giordano. Execution issued, there were supplementary proceedings, and on January 26, *331 1941 levy was made on defendant's goods and chattels, including a Plymouth sedan. The amount then due under the judgment was $307.21. Giordano was the successful bidder at the sale with his bid of $85. That amount was credited on the execution, which was then returned unsatisfied for the deficiency of $222.21.
Unsuccessful in his attempt to obtain possession of the automobile and other personal property he had purchased at the sale because of defendant's retention or transfer of them, Giordano, by his attorney Silver, instituted a replevin action in September 1942 in the Long Branch District Court. Defendant's attorney Mirne then negotiated a settlement with Silver for $200. This was paid. Silver eventually sent Mirne a discontinuance of action in October 1944.
On August 16, 1954 pluries execution issued at Giordano's instance, and levy was made on defendant's two bank accounts and certain other personal property. Defendant then moved in the Monmouth County Court to have the execution and levy set aside and the judgment vacated or marked satisfied and cancelled. The matter was heard on affidavits. Defendant alleged that the judgment recorded in the Common Pleas Court, as well as the replevin suit, had been settled for $200. Attached to his affidavit was a letter from Silver, Giordano's one-time attorney, referring to the replevin suit and stating that "the case was settled" with Mirne pursuant to Giordano's authorization, and that he would furnish defendant's attorney with an affidavit reciting "the settlement of the replevin action." Silver also filed an affidavit in support of the motion, stating he had represented Giordano in the replevin action, that he and defendant's then attorney, Mirne, had negotiated a settlement, and that he "finally was authorized to settle the entire matter for $200.00, which I did." Silver further stated that he sent Mirne a discontinuance of the replevin action in October 1944.
Giordano filed a counter-affidavit, obviously prepared by himself and quite informal in nature, detailing the background of the litigation and particularly the institution of *332 the replevin suit and his attorney's insistence that he accept $200 in settlement thereof. The significant paragraph is paragraph 17 in which Giordano says that he finally wrote attorney Silver:
"Since you have compelled me to settle the claim for replevin vs. Santanello, pending before the District Court of Long Branch, N.J. which goods and chattels are worth $400, for the mere pitanze of $200, I than give you authority to settle it for $200."
The main theme of the affidavit is that Silver was authorized to settle the replevin suit and nothing more.
On the basis of these affidavits and the arguments of counsel, the Monmouth County Court directed the clerk to enter satisfaction of the judgment recorded in the Common Pleas Court and ordered the Sheriff of Monmouth County to release the levy on defendant's bank accounts and other personal property.
The order must be reversed. A court will not order satisfaction of judgment to be entered unless the proof of payment thereof is full and satisfactory. This has long been the law. Hankinson v. Hummer, 12 N.J.L. 64 (Sup. Ct. 1830); Megaro v. Cordasco, 10 N.J. Misc. 908 (Sup. Ct. 1932). There is no such proof in this case; in fact, the proof is the other way. Giordano's claim that only the replevin action was settled, and not the original judgment, is borne out by the affidavit of his former attorney, Silver, given in support of defendant's claim.
Not only is this so, but no satisfaction of the original judgment was ever entered. See N.J.S. 2A:16-46 and source note. All that appears is that Silver gave defendant's attorney, Mirne, a discontinuance in the replevin suit. It may be noted that Mirne, who is still practicing and available, filed no affidavit in behalf of his former client.
Even were there a warrant of satisfaction, there is no suggestion in the record that Silver had any authority from Giordano to satisfy the original judgment. Such authority must be present if a warrant of satisfaction is to *333 have validity. Faughnan v. City of Elizabeth, 58 N.J.L. 309 (Sup. Ct. 1895). As noted, the only authority in Silver was to settle the replevin action.
Reversed.