BERTRAM I. COHEN AND HELENE COHEN, HIS WIFE, PLAINTIFFS-RESPONDENTS, v. FAIR LAWN DAIRIES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, FARM-LAND FAIR LAWN DAIRIES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-APPELLANTS, AND BOROUGH OF FAIR LAWN, A MUNICIPAL CORPORATION, AND NICHOLAS W. POSTMA, DEFENDANTS-RESPONDENTS.

Argued March 16, 1965—Decided May 17, 1965.

*Mr. James A. Major* argued the cause for defendants-appellants (*Messrs. Major & Major,* attorneys).

*Mr. Seymour Cohen* argued the cause for plaintiffs-respondents.

PER CURIAM. ▇▇ The Appellate Division, in a comprehensive opinion by Judge Conford, held (1) that the provision for reasonable counsel fees in the contract was enforce-

able and (2) that, on remand, the plaintiffs should establish the legal services rendered and their reasonable value by plenary proof rather than by an *ex parte* affidavit as they did here. See 86 *N. J. Super.* 206. We agree fully with the holding that the contractual provision for reasonable counsel fees was enforceable. See *Alcoa Edgewater No. 1 Federal Credit Union v. Carroll,* 44 *N. J.* 442 (1965). We agree further that a party seeking enforcement of a contractual provision for reasonable counsel fees must ordinarily establish the elements of his claim by plenary proof rather than by affidavit. Here, however, the proceeding before the trial court dealt mainly with other substantive issues and only incidentally with the matter of counsel fee, an affidavit of services had been filed by the attorney for the plaintiffs, and the attorney for the defendants-appellants voiced no objection to this procedure. Under such circumstances there would generally be no reason for requiring plenary proof, provided the record before the trial court, including the affidavit of services, is sufficiently complete to enable it to reach a fair determination as to the extent of the legal services rendered and the reasonable value to be paid pursuant to the contractual provision. The defendants-appellants suggest that here there was confusion at the trial level and they urge that the remand be sustained. We agree that in the particular circumstances presented, the interests of justice will best be served by pursuing the course specifically set forth in the opinion of the Appellate Division, but note that future practice is to be guided by the views expressed in this *per curiam.*

Affirmed.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN —7.

*For reversal*—None.