108 N.J. Super. 414 (1970)
261 A.2d 667
WILLIAM BAUER, AN INCOMPETENT BY HIS GUARDIAN AD LITEM, RONALD R. BAUER, PLAINTIFF-APPELLANT,
v.
ALEX T. GRIFFIN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 19, 1970.
Decided February 2, 1970.
Before Judges KILKENNY, LABRECQUE and LEONARD.
*415 Mr. Michael A. Cohan argued the cause for appellant (Mr. Edwin A. Kolodziej, attorney).
Mr. William T. McElroy argued the case for respondent (Messrs. Pindar, McElroy, Connell, Foley & Geiser, attorneys).
PER CURIAM.
Plaintiff William Bauer, an incompetent, by his guardian ad litem, Ronald R. Bauer, appeals from the denial of his motion, pursuant to R.R. 4:62-2 [now R. 4:50-1 to 4:50-3], to vacate a judgment approving the "friendly" settlement of a suit by his then guardian (his father) for personal injuries sustained by him when he was struck by an automobile driven by defendant on October 6, 1962. William was 16 years old when the accident occurred, and the suit for his injuries and his parents' per quod damages was instituted on February 5, 1963.
Following the pretrial conference and entry of the pretrial order, and after the case had been assigned to a weekly call, negotiations for settlement culminated in an offer of $125,000, $65,000 to be allocated to the infant plaintiff and the balance of $60,000 to his parents. The settlement was approved at a hearing held on August 20, 1963, pursuant to R.R. 4:56A [now R. 4:44-1 to 4:44-3]. At that time the infant plaintiff was still hospitalized and in a coma, the hospital bills then amounting to $30,000 and continuing at the rate of $100 per day. The facts surrounding the making and approval of the settlement are fully detailed in the opinion below and need not be repeated here.
The reasons for reversal now advanced in behalf of the incompetent were fully considered by Judge Fritz in the Law Division. We affirm, substantially for the reasons set forth in his reported opinion. Bauer v. Griffin, 104 N.J. Super. 530 (Law Div. 1969).
There can be no question but that, in the present clear light of hindsight, a delay until the present in the settlement of his case would have been of much greater benefit *416 to William  as well as to his parents who were, and continued thereafter to be, responsible for his care. Carried to its logical conclusion, the argument made in his behalf would inhibit settlement in any case until every uncertainty as to prognosis was resolved. Plaintiff would even condemn all friendly settlements on the ground that only adversary proceedings are adequately geared to the protection of the interests of infant or incompetent litigants. However, had William's case been tried at the time, instead of settled, there would have been no certainty that the resultant verdict, had it been in his favor, would have any more adequately compensated him for his injuries. Regardless of how the case was disposed of, the same uncertainty regarding prognosis would have remained.
Not every settlement justifies the expectations of the parties. The very uncertainty as to what the future holds is frequently the motivating factor in inducing the parties to eliminate, by settlement, the element of risk involved in most lawsuits. In the case of infants, the trial judge must also be satisfied as to the fairness of the proposed settlement. In the eyes of the trial judge here, based upon the medical evidence before him (whose accuracy is not disputed), the settlement was a fair one. His decision is to be judged as of the time it was made. Merely because, had the decision been ours, we would have done otherwise affords no ground for vacating the judgment. Even were the settlement to be renegotiated today there would still be no certainty that a substantially larger figure would be adequate to meet William's future needs. We find no abuse of discretion in the denial of the motion to vacate.
By reason of the foregoing, it becomes unnecessary to consider whether the judgment in favor of William may be set aside without disturbing the judgment in favor of his parents, and without tendering the return of the amount paid to his guardian.
Affirmed. No costs.