591 A.2d 1043

MEYNER AND LANDIS, A NEW JERSEY, GENERAL PARTNER-
SHIP, PLAINTIFF, v. ALAN TURTLETAUB AND THE
MONEY STORE, INC. A N.J. CORPORATION, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided April 5, 1991.

*Meyner and Landis*, Attorneys, *pro se* (*Anthony F. Siliato*, appearing for the firm).

*Harvey I. Marcus*, for Defendants.

DONALD S. COBURN, J.S.C.

In this civil action plaintiff Meyner and Landis, a law firm, sought to recover counsel fees and costs incurred by its client National Westminster Bank NJ in enforcing a $2,000,000 loan agreement against WTW Realty, Inc. Defendants Alan Turtletaub and the Money Store, Inc., were sued in their capacity as absolute and unconditional guarantors of the loan. The claim was based on provisions of the loan and guarantee documents which clearly supported the cause of action.

I previously granted plaintiff's summary judgment request against these defendants in the amount of $5,860.58, which sum reflected the balance due on work performed before the complaint was filed. Defendants paid the judgment. Plaintiff filed and served a notice of motion for the "allowance" of counsel fees and then issued a warrant of satisfaction on the judgment.

Defendants object to the relief requested by plaintiff on the theory that the judgment, its payment, and the issuance of the warrant, concluded the action. This opinion resolves the motion for counsel fees in plaintiff's favor.

The questions presented by the plaintiff's motion, entitled as one for the allowance of counsel fees, are: (1) may it be treated as a motion to vacate the satisfaction of judgment and grant relief from the judgment (*R.* 4:50)? (2) should such relief be granted in the peculiar circumstances of this case?

Plaintiff's initial motion for summary judgment, granted by this court on March 8, 1991, provided factual support only for legal fees and costs incurred by its client prior to institution of this action in the amount of $5,860.58. However, the complaint clearly sought legal fees and costs for this action. The form of order, submitted in open court by plaintiff, in pertinent part read as follows: "ORDERED that summary judgment be and the same is hereby granted in favor of plaintiff Meyers and Landis and against defendants Turtletaub and the Money Store, jointly and severally on plaintiff's complaint in the amount of $____ and attorneys fees in the amount of $____ and post-judgment interest thereon pursuant to *R.* 4:42–11(a)." Since there was no affidavit or other proof in support of the counsel fees request, I struck that provision and entered the judgment for the aforesaid $5,860.58. This, too, was done in open court in the attorneys' presence on March 8, 1991. Later the same day plaintiff began preparing a notice of motion for counsel fees, while at the same time advising defendants' attorney during a telephone conversation that upon receipt of a check in the amount of $5,875.76 (apparently representing the judgment plus post-judgment interest) a warrant for satisfaction of the judgment would be provided.

On March 18, 1991, plaintiff received and deposited defendants' check and filed the notice of motion for counsel fees which is now before me. Defendants' attorney received the notice of motion on March 20, 1991, and again discussed the

matter by telephone with an attorney in plaintiff's office who reiterated that he would provide a satisfaction of the judgment, while continuing to assert his firm's right to the additional fees and costs sought in the subject notice of motion.

On March 21, 1991, plaintiff forwarded to defendants' attorney a warrant to satisfy judgment which read as follows:

TO THE CLERK OF THE ABOVE NAMED COURT:

WHEREAS, Judgment was entered in the above entitled action in favor of plaintiff Meyner and Landis against Alan Turtletaub and The Money Store, Inc., jointly and severally, by the record thereof as Docket No. ESX–L–12949–90. NOW THEREFORE this is your warrant and authority to enter on the aforesaid record, this satisfaction of judgment in the amount of $5,860.58.

Plaintiff's brief in support of the subject motion reflects a mistaken view of the law which unfortunately permeated these proceedings. The plaintiff wrote:

*Inasmuch as plaintiff has filed its present motion post-judgment, plaintiff has done so* (a) pursuant to the specific instructions of Your Honor's Law Clerk and the Motion Clerk of Essex County and *(b) at the normal and customary time in which such a motion is generally deemed to be appropriate; i.e., when summary judgment has been awarded and the total fees incurred in seeking judgment can be accurately computed. Rule 4:42–9.* (Emphasis added).

This is not an action in which counsel fees are allowed under *R.* 4:42–9. However, that rule does not preclude counsel fees when, as here, the parties to a contract have so agreed. In *Cohen v. Fair Lawn Dairies, Inc.,* 44 *N.J.* 450, 210 *A.*2d 73 (1965) the Supreme Court expressed the principle of law in these words:

We agree fully with the holding that the contractual provision for reasonable counsel fees was enforceable. See *Alcoa Edgewater No. 1 Federal Credit Union v. Carroll,* 44 *N.J.* 442 [210 *A.*2d 68] (1965). We agree further that a party seeking enforcement of a contractual provision for reasonable counsel fees must ordinarily establish the elements of his claim by plenary proof rather than by affidavit. Here, however, the proceeding before the trial court dealt mainly with other substantive issues and only incidentally with the matter of counsel fee, an affidavit of services had been filed by the attorney for the plaintiffs, and the attorney for the defendants-appellants voiced no objection to this procedure. Under such circumstances there would generally be no reason for requiring plenary proof, provided the record before the trial court, including the affidavit of services, is sufficiently complete to enable it to reach a fair determination as to the extent of the legal services rendered and the reasonable

value to be paid pursuant to the contractual provision. *Id.*, 44 *N.J.* at 452, 210 *A.*2d 73.

 The first issue to be resolved is whether this court may treat the plaintiff's motion as one to vacate the satisfaction and give relief from the judgment it obtained despite plaintiff's failure to expressly request such relief in its moving papers. *R.* 1:6–2 requires every motion to state, among other things, "the grounds upon which it is made and the nature of the relief sought...." However, *R.* 1:1–2 permits a court to relax or dispense with any rule which does not itself prohibit such action "if adherence to it would result in an injustice." In this case the request for counsel fees clearly could not be granted without vacating the satisfaction and granting relief from the judgment. Therefore, by implication the pleadings sought that relief. Defense counsel clearly understood the implication since his opposition relied upon the judgment and the satisfaction as the sole bases for defeating the motion. In such circumstances, the cited provision of *R.* 1:6–2 should be relaxed and the matter determined on its merits. The soundness of this approach is reinforced by the provision of *R.* 1:1–2 that the court rules should be "construed to serve a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."

 The second issue is whether plaintiff should be entitled to a vacation of the satisfaction of judgment because it was mistakenly issued based on a misunderstanding of the law and because the defense attorney received it with full knowledge that plaintiff had already filed, served, and was intent on pressing the motion for additional counsel fees.

In *Ackerman v. Ackerman*, 44 *N.J.L.* 173 (*Sup.Ct.*1882), plaintiff applied to have a satisfaction of judgment vacated on the ground that it was obtained by fraud. The defendant had falsely represented that he was without substantial assets and on that basis received the satisfaction of an over $4000.00

judgment for $50.00. The court granted plaintiff the relief sought.

In *Faughnan v. Elizabeth,* 58 *N.J.L.* 309, 33 *A.* 212 (*Sup.Ct.* 1895), the court said: "A satisfaction of a judgment obtained by fraud or given by mistake will be vacated." (*Id.* at 310, 33 *A.* 212). The mistake in *Faughnan* was that plaintiff's attorney had issued the warrant to satisfy the judgment on payment of less than the amount due under the judgment without the express consent of his client and thus in violation of law. The court gave this further explanation of its ruling:

> When a defendant has not been misled by the attorney's apparent power, and no rights of third parties are affected, I see no reason why a satisfaction should not be vacated if wrong has been done by its entry, even though it was not obtained by fraud. (*Id.* at 311, 33 *A.* 212).

Consequently, the court vacated the satisfaction upon condition that plaintiff provide defendant with a release and discharge for the amount paid, giving plaintiff the right to "enforce the judgment for the amount not released." (*Id.* at 313, 33 *A.* 212). *Cf. Robin v. Santanello,* 34 *N.J.Super.* 329, 332–333, 112 *A.*2d 300 (*App.Div.*1955).

In the subject case, the plaintiff's mistake in issuing the satisfaction was one of law. It misconstrued the effect of the judgment it asked for, the rules of court, and the applicable cases. But the defendants' attorney fully understood that it was never plaintiff's intent either in its presentation for the judgment or in its issuance of the warrant to satisfy the judgment (which occurred after the motion for counsel fees was filed and served) to thereby release the defendant from the perfectly valid claim for counsel fees in the prosecution of this case. Thus, under *Faughnan v. Elizabeth, supra,* plaintiff is clearly entitled to be relieved of its mistake by an order vacating the warrant to satisfy the judgment.

The third issue is whether plaintiff is entitled to relief from the judgment under *R.* 4:50–1(f). In *State v. Public Service Electric & Gas Co.,* 119 *N.J.Super.* 264, 291 *A.*2d 32 (App.Div.1972), the court said:

The very essence of (f) is its capacity for relief in exceptional situations, and in such cases its boundaries are as expansive as the need to achieve equity and justice. *Court Investment Co. v. Perillo,* 48 *N.J.* 334, 341 [225 *A.2d* 352] (1966). See also *Hodgson v. Applegate,* 31 *N.J.* 29 [155 *A.2d* 97] 41 (1959); *In re Manfredini* 24 *N.J.Super.* 59, 64 [93 *A.2d* 623] (App.Div.1952); *In re Estate of Cory,* 98 *N.J.Super.* 208, 216 [236 *A.2d* 616] (Ch.Div.1967); *Bauer v. Griffin,* 104 *N.J.Super.* 530, 540 [250 *A.2d* 603] (Law Div.1969), aff'd 108 *N.J.Super.* 414 [261 *A.2d* 667] (App.Div.1970).

The equity and justice of the plaintiff's position here is patent. There is no question of its legal right to the additional monies sought under the contracts. There is no doubt that it was seeking these monies in this lawsuit. And there is no doubt that defense counsel understood at all times the plaintiff's position. Defense counsel's attempt to obtain legal advantage by hypertechnicality is wholly inconsistent with the principles of justice so often reiterated by the appellate courts of this State.

For the above reasons, the plaintiff shall submit an order vacating the satisfaction and the judgment and shall submit a new judgment in the amount of $7,150.76, which amount reflects the initial monies paid plus $1,275.00 which this court has determined in a separate oral opinion to have been the amount proven under the contract provision allowing for reasonable counsel fees to be assessed against the defendants. At the same time plaintiff shall provide defendants with a release and a partial warrant of satisfaction for the sum previously remitted.