**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0147-24

BETHEL BORGESON,
f/k/a BETHEL HAAS,

     Plaintiff-Respondent,

v.

BRETT HAAS,

     Defendant-Appellant.

_____

        Argued October 29, 2025 – Decided November 20, 2025

        Before Judges Paganelli and Vanek.

        On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-2414-04.

        Brett Haas, appellant, argued the cause pro se.

        Gregg F. Paster argued the cause for respondent.

PER CURIAM

After several monetary judgments were entered against defendant Brett Haas in connection with the parties' acrimonious 2003 divorce, plaintiff Bethel Borgeson filed two motions to turnover funds escrowed by Trident Abstract Title Agency, LLC (Trident) on sale of real property owned by Haas. Haas appeals from an order granting Borgeson's motions and compelling Trident to release $48,075.49 to her in satisfaction of two of the judgments against him. We affirm.

I.

When judgment liens against Haas appeared on a search prepared in connection with the sale of real property he owned, Haas entered an agreement with the buyers, Borgeson and Trident requiring $58,000 in sales proceeds to be escrowed to satisfy the judgments against him. Two of the judgments were entered in favor of Borgeson: DJ265481-05 for $7,125 (the 2005 Judgment) and DJ107345-04 for $22,440.28 (the 2004 Judgment) (collectively, the Judgments). The Judgments are subject to post-judgment interest.

Borgeson filed two motions to turnover escrowed funds to satisfy the Judgments. The trial court held a consolidated plenary hearing on Borgeson's motions, which spanned four days between July 2023 and May 2024. A pretrial

A-0147-24

order required the parties to mark all documents they sought to use at least twenty days prior to the hearing.

When Borgeson appeared virtually at the beginning of the hearing, the judge told her attorney that it was his decision whether to proffer his client's testimony, stating, "I don't know if we really need your client . . . it's up to you." Neither Borgeson's counsel nor Haas's attorney called her to testify at the hearing.

Borgeson's counsel called Borgeson's divorce attorney, Jennifer Stone Hall, Esq., to testify. Stone Hall testified Haas had made payments to her firm toward other judgments, which were credited to Borgeson's account, but her firm had not received payment from Haas for the 2004 or 2005 Judgments. Stone Hall denied Haas's allegation that she personally had received payment from him and stated, "there was no way [she] was going to be . . . alone with Haas," as she alleged he had made "threats" towards the attorneys during the divorce litigation that prompted police involvement. Stone Hall added, "if [Haas] had produced any money, [the firm] would have absolutely provided a receipt and a credit or proof."

Haas's attorney proffered his client's testimony in opposition to the motions. Haas testified that the Judgments had been satisfied. Haas conceded

3

A-0147-24

that he had never made payments to Borgeson directly but contended he satisfied the 2004 Judgment by hand-delivering checks to Stone Hall on June 10, 2004. He presented copies of two checks dated June 9, 2004, to corroborate his testimony, but they were not made payable to Borgeson or her attorneys and did not correspond in amount to either the 2004 or 2005 Judgment. Haas testified that he had delivered these checks "under threat of jail" because Borgeson's attorneys sought his arrest for failure to pay the Judgments.

Haas submitted various accounting ledgers from Borgeson's counsel (the McKenna ledgers), which he claimed showed payments toward the Judgments. He also relied on certifications by Borgeson and Stone Hall, along with a letter allegedly drafted by Stone Hall confirming certain payments had been received.

Haas asserted he had requested bank records to evidence payments he allegedly made in 2004 but was told by his bank it retains records for only ten years. Haas relied on the McKenna ledgers, which showed a payment of $19,750 received in 2004, and he contended that the failure to attribute to him that payment was an accounting error.

The judge allowed Haas's attorney to recall Stone Hall to testify regarding an August 9, 2004 letter Haas alleged confirmed receipt of the $19,750 payment he had made in June 2004. Stone Hall testified she had no independent

4

A-0147-24

recollection of the letter, which was dated nineteen years earlier and did not bear her signature or her secretary's initials. Stone Hall further explained that in 2004, her firm did not use digital letterhead and any unsigned correspondence would have at least borne her secretary's initials. When asked about the $19,750 payment credited to Borgeson's account in June 2004 as shown in the McKenna ledgers, Stone Hall testified, "I agree . . . that there is a ledger notation of a payment being made, but it doesn't say it was made by . . . Haas," and the payment could have been made by Borgeson, by someone on her behalf, or by Haas.

Haas's attorney called Stone Hall's law partner, Edward McKenna, Esq., to testify. McKenna testified the firm's protocol was to reflect the payor's name in the ledger. He stated that if Haas had paid the judgment in full, the firm would have prepared a warrant of satisfaction and filed it. McKenna testified the $19,750 payment on June 10, 2004, was designated as having been received from Borgeson. He asserted the August 9, 2004 letter purporting to show Haas paid $19,750 was "fraudulent."

During the hearing, the judge allowed Haas to utilize additional documents not marked in accordance with the pretrial order, over the objection of Borgeson's counsel. During cross-examination, Haas requested permission

5

to personally conduct questioning in lieu of his attorney. The judge denied the request, prompting Haas to move formally to substitute himself as counsel. The judge denied that motion.

The judge relied on N.J.R.E. 611 to deny Haas's request to provide rebuttal testimony. The judge required counsel to give closing arguments orally and denied the request by counsel for Haas to submit a written summation.

After considering the evidence presented and the arguments of counsel, the judge issued an oral decision granting Borgeson's motions to compel Trident to turnover escrowed funds to satisfy the Judgments. The judge relied on the evidence presented at the four-day hearing, finding neither the McKenna ledgers nor the cancelled checks showed that Haas had made the 2004 payments to Borgeson's attorneys. The judge considered the record unclear as to who had made the payments to Borgeson's counsel in 2004. The judge found the McKenna ledgers showed three payments on June 10, 2004, which totaled $19,750 and were titled "Bethel Haas – PMT." The judge found that even if there were an alleged accounting error in the McKenna ledgers, that mistake would not show Haas satisfied the Judgments in full.

The judge found Haas's contentions that he had made the payments were not credible, based on the lack of correspondence from Borgeson's attorneys

6

confirming receipt of payment from Haas and the fact that Haas was prohibited by court order from contacting those attorneys. Conversely, the judge found Stone Hall's testimony that Haas had not given her a payment directly to be credible in light of the other evidence in the record.

The judge found the certifications by Stone Hall and Borgeson, initially submitted in another proceeding and belatedly offered by Haas at the plenary hearing, at best showed Haas had made payments in the past but did not establish he had satisfied the Judgments. The judge stated N.J.S.A. 2A:16-46 and Rule 4:48-1 both "require an acknowledgement of satisfaction or warrant to satisfy," and Haas had failed to submit either.

The judge recognized the complexity of the case given the number of judgments against Haas under multiple dockets and the difficulty posed by the passage of twenty years from entry of the Judgments, stating that:

> The record speaks for itself in terms of the patience and liberality with which the court approached this hearing. Is it possible that he paid the monies? Yes. And while the [c]ourt appreciates his frustration, unfortunately, he failed to connect the dots and satisfy his burden of proof that he did satisfy the debts at issue. And therefore, the [c]ourt is granting the motion to turn over funds.

The judge entered an order requiring Trident to turn over the following:

> $9,537.61 on Judgment DJ265481-05, representing the face judgment amount of $7,435.[], plus post-judgment

interest through July 31, 2024 in the amount of $2,102.61; and . . . $38,537.88 on Judgment DJ107345-04, representing the face judgment amount of $22,440.28, plus post-judgment interest through July 31, 2024 in the amount of $16,097.60; for a total remittance of $48,075.49.

On appeal, Haas argues the judge erred in finding the 2004 Judgment was not satisfied by his payments to Borgeson's divorce attorney. He also argues he was deprived of a fair proceeding because the judge wrongfully instructed Borgeson she did not have to testify; he was not permitted to personally cross-examine witnesses in lieu of his attorney; and his counsel was deprived of the opportunity to submit a written summation.

II.

A.

Our review of the judge's post-plenary hearing factual findings is deferential. "[F]indings by a trial court are binding on appeal when supported by adequate, substantial, credible evidence." Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)).

We apply this deferential standard because "[our] review of a cold record is no substitute for the trial court's opportunity to hear and see the witnesses who testified on the stand." Balducci v. Cige, 240 N.J. 574, 595 (2020). However, we review "legal consequences that flow from established facts" de novo. Rowe

v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

We review evidentiary determinations, including decisions on the order and manner of presenting evidence, for abuse of discretion.  See Horne v. Edwards, 477 N.J. Super. 302, 324 (App. Div. 2023) (noting a trial court is "vested with wide discretion" under N.J.R.E. 611(a) and that appellate courts review for an abuse of discretion decisions regarding the conduct of proceedings).  "When examining a trial court's exercise of discretionary authority, we reverse only when the exercise of discretion was 'manifestly unjust' under the circumstances." Newark Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007)).

## B.

We discern no error in the judge's finding that Haas did not satisfy his burden of proving he had paid the Judgments.  Thus, we affirm the order on appeal.

The record contains substantial credible evidence to support the judge's findings.  None of the checks proffered by Haas purporting to satisfy some

9

portion of the Judgments were made payable to Borgeson or her attorneys. The judge rejected the August 9, 2004 unsigned, unauthenticated letter from Borgeson's attorney on which Haas relied because it did not correspond to the amount of the Judgments. Moreover, Haas "was prohibited by court order from having any access to or contact with any employee of the law firm," casting doubt on Haas's testimony that he delivered the check directly to Borgeson's attorney. The judge also credited Stone Hall's testimony that she did not remember drafting the unsigned letter and deemed it highly unlikely the letter was finalized and sent out of her office without bearing her secretary's initials.

The certifications of Borgeson and Stone Hall, ostensibly submitted in connection with a separate and earlier matter, also failed to establish Haas had satisfied the Judgments. Borgeson's certification is incomplete and undated, and Haas did not call her as a witness to lay its foundation. But even accepting the content as true and accurate, the certification does not state whether any amounts were paid toward the 2004 or 2005 Judgments. Nor does the certification bear a docket number to which the trial court could have correlated the certification to payment of a particular judgment. Stone Hall's certification suffers from the same infirmity by stating only "Haas has paid $21,750 [in counsel] fees" on

10

A-0147-24

behalf of Borgeson, without any information correlating that payment to the Judgments (emphasis added).

Ultimately, the judge found Haas had failed to meet his burden of proving the Judgments were paid through "full and satisfactory" evidence.  See Robino v. Santanello, 34 N.J. Super. 329, 332 (App. Div. 1955) (a court will not deem a judgment satisfied unless the proof of payment is "full and satisfactory").  We decline to disturb the judge's findings because they are supported in the record and rooted in credibility assessments by the trial court.  See Gnall, 222 N.J. at 428.

### C.

We are unconvinced by Haas's arguments he was deprived of a fair hearing based on the judge's alleged statement to Borgeson's attorney that plaintiff did not need to testify; denial of his counsel's request to submit a written, rather than oral, summation; and refusal to allow Haas to personally cross-examine witnesses in lieu of his attorney.

Under N.J.R.E. 611(a), a trial court must "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence" in order "to (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue

A-0147-24

embarrassment." A "trial court has wide discretion in controlling the courtroom and the court proceedings." D.G. ex rel. J.G. v. N. Plainfield Bd. of Educ., 400 N.J. Super. 1, 26 (App. Div. 2008). This discretion is subject to the limitation that the court "must 'conduct [a] trial in a fair and impartial manner.'" Ibid. (quoting Cestero v. Ferrara, 110 N.J. Super. 264, 273 (App. Div. 1970)).

Haas cites no supporting law and provides no explanation as to why his attorney was entitled to submit a written summation. We are unconvinced that requiring counsel to proceed with oral summations to conclude the proceedings, rather than waiting for written submissions, was an abuse of discretion contravening N.J.R.E. 611.

Nor was the judge's refusal to permit Haas to personally conduct cross-examination in lieu of his attorney tantamount to an abuse of discretion. Attorneys are required to represent their client unless relieved by the court, and Haas's mid-hearing motion to be substituted as his own counsel was denied.

We are unpersuaded by Haas's contention that the judge told Borgeson's attorney not to call his client to testify at the hearing. Our review of the transcript confirms the judge left that determination to counsel, who apparently

12

made the decision not to call his client to testify.[1]  Haas also retained the ability to call Borgeson as a witness and did not do so.  Thus, we discern no prejudice to Haas from the judge's colloquy with counsel.

To the extent we have not otherwise addressed Haas's arguments, they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hawley

Clerk of the Appellate Division

---

[1]  To the extent the judge's oral decision referenced Borgeson's testimony as being credible, despite her not testifying, we discern no impact on the judge's finding that Haas did not meet his burden of proving the Judgments were satisfied in full.

13

A-0147-24